## TRAVELERS INSURANCE COMPANY

v.

## Michael McDERMOTT.

### Civ. A. No. 79–0504.

United States District Court,
E. D. Pennsylvania.

Oct. 8, 1980.

---

Peter S. Miller, Philadelphia, Pa., for plaintiff.

Thomas H. Goldsmith, Philadelphia, Pa., for defendant.

GILES, District Judge.

Before the court is plaintiff's Motion for Summary Judgment pursuant to Fed.R. Civ.P. 56. Counsel have agreed to all genuine issues of material fact.[1] For the reasons stated below, plaintiff's motion shall be granted.

In this diversity action, plaintiff, Travelers Insurance Company ("Travelers") seeks a declaratory judgment that its insured, the defendant Michael McDermott, is not entitled to proceed to arbitration on certain insurance claims.[2] The defendant asserts that his claims fall within the "protection against uninsured motorists" provisions of his contract with Travelers[3] and should be arbitrated in accordance with the provisions of that contract. On the other hand, Travelers asserts that McDermott's insurance claim is not governed by the uninsured provisions since it is a claim arising out of collision with an underinsured motorist as distinguished from an uninsured motorist.

There is no explicit "underinsured collision" provision in the contract. For purposes of the "uninsured motorist protection" section, the term "uninsured highway vehicle" is contractually defined in relevant part to include a vehicle for which, at the time of the accident, there is no applicable bodily injury liability bond or insurance policy, establishing coverage in at least the amounts specified by the financial responsibility law of the state in which the insured vehicle is principally garaged. Counsel have agreed that the vehicle with which McDermott collided did have at least the minimum statutorily required[4] liability insurance.

The Pennsylvania Supreme Court has not rendered any decision on the issue presented here, although there have been relevant decisions by the Pennsylvania trial courts

---

1. Statement of agreed upon facts, plaintiff's Memorandum of Law in support of its Motion for Summary Judgment, pages 2–4, which defendant does not oppose. Defendant does oppose, in principle, the entry of summary judgment on the legal issue, but elected not to file an opposing brief.

2. McDermott's underlying claim for personal injuries arises out of a collision on February 2, 1977, between McDermott and a third party. On that date, the third party vehicle was insured under a Nationwide Insurance Company policy providing for coverage in an amount equal to or exceeding the minimum limits of liability coverage, as required by the Pennsylvania financial responsibility law then in effect.

However, McDermott's claim for alleged personal injuries exceeds the coverage of the Nationwide Insurance Company policy, and gives rise to his underlying claim against Travelers.

3. Although the parties disagree as to which automobile liability insurance policy issued by Travelers was in effect at the time of the accident, they agree that the same "protection against uninsured motorists" provision and "uninsured highway motor vehicle" definition are at issue, irrespective of which policy was in effect.

4. Pa.Stat.Ann. tit. 40 § 1009.104 (Purdon Supp. 1980–1981).

and intermediate appellate court.[5] On May 1, 1980, the United States Court of Appeals for the Third Circuit decided *Safeco Insurance Co. v. Wetherill*, 622 F.2d 685 (1980), addressing the uninsured/underinsured question. In making an independent judgment as to how the Pennsylvania Supreme Court would confront and decide this issue, the Third Circuit analyzed and discussed the Pennsylvania decisions. It held that a vehicle which carries the legally required minimum insurance is not an "uninsured" vehicle and that there is "no basis in such cases to compel arbitration under a policy such as that applicable here." At 689. The court recognized that such an interpretation yields an anomalous result: injured claimants would be in a better position if the tortfeasor's vehicle were totally uninsured rather than underinsured. However, it declined to enter the legislative sphere to alter the perceived legislative "objective" of the financial responsibility statute. The court affirmed the lower court's entry of an injunction preventing the insured from proceeding to arbitration.

The pertinent language of the instant Travelers' policy is virtually identical to that in *Safeco*.[6] As in *Safeco*, Travelers did not consent to arbitrate the dispute but instead filed an action seeking to preclude arbitration. I am bound by *Safeco* which is dispositive of the extant issue.

Finding there to be no genuine issue of material fact before me, and *Safeco* to be controlling legal precedent, I must grant plaintiff's Motion for Summary Judgment. Accordingly, declaratory judgment is entered in favor of plaintiff and against defendant.

---

5. Without providing any citation, defendant asserts that the uninsured/underinsured issue is again before the Pennsylvania Superior Court awaiting decision at this time.

6. The *Safeco* policy required arbitration only for issues arising out of the use of an "uninsured automobile" which was defined as an automobile which had "no bodily injury liability bond or insurance policy in at least the amounts specified by the financial responsibility law of the [applicable] state." At 686. As here, the third party automobile in *Safeco* had the minimal required coverage.