445 A.2d 542

**Richard H. YOUNG, Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed May 7, 1982.

Petition for Allowance of Appeal Granted Oct. 8, 1982.

Fred Lowenschuss, Philadelphia, for appellant.

David E. Faust, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in modifying an arbitration award to deny him recovery under the uninsured motorist provisions of insurance policies issued by appellee. We disagree and, accordingly, affirm the order of the court below.

Appellant was injured on March 24, 1976 when his motorcycle was struck by an automobile. Because appellant's losses exceeded the $15,000 policy limits paid by the automobile-driver's insurer, appellant filed a claim for benefits pursuant to the uninsured motorist provisions of his and his parents' insurance policies. He alleged that the exhaustion of the other driver's liability coverage without full compensation of his losses rendered that driver "uninsured" within the meaning of the provisions, so that he could "stack" the coverage under his and his parents' insurance policies on four vehicles, and thus receive up to $60,000. *See State Farm Mutual Insurance Co. v. Williams,* 481 Pa. 130, 392 A.2d 281 (1978). An arbitration panel agreed and awarded appellant $43,295.35. The lower court, however, reversed the arbitrator's award, holding that a driver covered by the statutory minimum amount of insurance was not an "uninsured motorist" for purposes of the policies. This appeal followed.[1]

Appellant contends the lower court exceeded its permissible scope of review in modifying the arbitrators' award for an error of law.[2] We disagree. The arbitration here was conducted pursuant to the Arbitration Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. §§ 161–181 (repealed). Although "[a] commonlaw arbitration award is not reviewable on the basis of error of law or fact by the arbitrators," the lower court's scope of review under the Arbitration Act is the same as that upon a petition for judgment notwithstanding the verdict of a jury, and thus the court is empowered to correct the award for a mistake of law. *Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 461,

---

**1.** We postponed decision of this case pending our Court's en banc resolution of *White v. Concord Mutual Insurance Co.,* 296 Pa.Superior Ct. 171, 442 A.2d 713 (1982), and *Davis v. Government Employees Insurance Co.,* 296 Pa.Superior Ct. 198, 442 A.2d 727 (1982).

**2.** "A party that proceeds to arbitration without objecting that the matter at issue is outside the arbitration agreement waives that objection," and binds itself to accept the arbitrators' award subject only to the appropriate standard of judicial review. *White v. Concord Mutual Insurance Co., supra,* 296 Pa.Super. at 179, 442 A.2d at 717.

383 A.2d 189, 191 (1977). *Accord,* 5 P.S. § 171(d); *White v. Concord Mutual Insurance Co.,* 296 Pa.Superior Ct. 171, 179, 442 A.2d 713, 717 (1982). "The Arbitration Act does not apply unless it is expressly or impliedly provided for by the parties and its procedures are followed." *Runewicz v. Keystone Insurance Co., supra,* 476 Pa. at 460, 383 A.2d at 191. An endorsement to the insurance policies here specifically provided that arbitration of the uninsured motorist provision would be "pursuant to the provisions of the [Arbitration Act]." An endorsement will be considered part of the insurance contract if it appears that "the parties intended that it should be so considered," and if its provisions are such as may be added by an endorsement under applicable statutes on law. 1 Couch on Insurance 2d, § 4:32 (1959 & Supp.1980). Although appellant never signed the endorsement, and contends that he did not receive it, the endorsement was nevertheless effective because it had been issued and signed by the insurer as required by the policy.[3] Consequently, the arbitrators and the lower court properly concluded that this arbitration was pursuant to the Arbitration Act and followed its procedures. The lower court was thus empowered to correct the arbitrators' award for an error of law.

■ Appellant contends that the arbitrators' award holding that an "underinsured" motorist could be considered an "uninsured" motorist was not an erroneous application of the law. We disagree. This Court has recently held as a matter of law that an "underinsured" motorist who is nonetheless covered by the statutory minimum amount of insurance is not an "uninsured" motorist under an insurance

---

**3.** The policy provided:
> 8. Changes . . . . nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy signed by an authorized representative of [appellee].

We note also that, at the time it was issued, the endorsement for arbitration under the Arbitration Act was evenhanded in its effect and not such a change in benefits as to require appellant's express consent. *Cf. Murray v. John Hancock Mutual Life Insurance Co.,* 165 Pa.Superior Ct. 514, 69 A.2d 182 (1949). (change in benefits required express consent).

policy such as appellant's. *White v. Concord Mutual Insurance Co., supra; Davis v. Government Employees Insurance Co.,* 296 Pa.Superior Ct. 198, 442 A.2d 727. Consequently, the lower court properly held the arbitrators' award to the contrary to be mistaken on the law and subject to modification. Therefore, it properly reversed the arbitrators' award.

Order affirmed.