477 A.2d 563

**HARLEYSVILLE MUTUAL INSURANCE CO., Appellant,**

v.

**Mary Lou DEMARCO (Seals).**

Superior Court of Pennsylvania.

Argued Feb. 21, 1984.

Filed June 22, 1984.

514

David Rosenberg, Media, for appellant.

William R. Solvibile, Philadelphia, for appellee.

Before WICKERSHAM, MONTEMURO and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant, Harleysville Mutual Insurance Company, files this appeal from two orders of the lower court which dismissed the Appellant's petition to vacate an arbitration award. We find no merit in the appeal.

The record shows that on November 14, 1978, Appellee Mary Lou DeMarco (Seals) was injured in an automobile accident caused by an uninsured motorist. At the time of the accident Appellee resided in the home of her brother, John Carpenter, who owned two vehicles which were insured by the Appellant. The insurance policy provided uninsured motorist coverage to the Appellee, as a family member residing with her brother.

After filing a claim under her own policy, the Appellee asserted a claim under her brother's policy. She filed a demand for arbitration in accordance with the terms of the policy. On May 15, 1981, a majority of a duly appointed

panel of arbitrators awarded Appellee thirty thousand dollars ($30,000.00). Appellant then filed a petition to vacate the award, contending that it had no liability because its policy contained an exclusion denying uninsured motorist coverage when a covered party was occupying a vehicle not insured under the policy. The exclusion provided:

"A. We do not provide Uninsured Motorist Coverage for bodily injuries sustained by any person: (1) while occupying, or when struck by, any motor vehicle of any type, owned by you or any family member which is not insured for this coverage under this policy."

In denying the petition, the lower court held that the arbitration had been conducted pursuant to common law and that its scope of review was therefore limited to the determination of whether a fair hearing had been denied or fraud was present. Appellant subsequently filed a motion for reconsideration alleging that a policy endorsement issued by it operated to bring the arbitration under the Pennsylvania Arbitration Act of 1927, P.L. 381, 5 P.S. § 161 *et seq.* Upon reconsideration, the lower court again found the arbitration to have been conducted under common law. Because it found that no fraud existed and that a fair hearing had been held, the lower court again concluded that it should not disturb the arbitrators' award.

■■■■ On this appeal Appellant again contends that the arbitration was conducted in accordance with the provisions of the Arbitration Act of 1927. Whether the arbitration was common law or statutory is significant, because a common law arbitration award is not reviewable on the basis of an error of law or fact by the arbitrator. The setting aside of such an award is proper only upon a showing of denial of a hearing or fraud, misconduct, corruption or similar irregularity leading to an unjust, inequitable or unconscionable award. On these points, see *Runewicz v. Keystone Insurance Company*, 476 Pa. 456, 383 A.2d 189 (1978). However, the lower court's scope of review under the Arbitration Act of 1927 is the same as that upon a petition for judgment not withstanding the verdict of a jury,

and thus the court is empowered in such cases to correct the arbitrators' award for a mistake of law. *Young v. United States Fidelity and Guaranty Company*, 299 Pa. Super. 237, 445 A.2d 542 (1982).

■ In the instant case the lower court heard testimony and considered the relevant documents, and also considered briefs submitted by the parties before reaching its finding that the arbitration was conducted at common law. The court concluded, as a *factual* matter, that the policy endorsement issued by Appellant did not operate to bring the arbitration in issue under the Act of 1927, because there was no evidence that the endorsement was ever delivered to or explained to Appellee's brother, the insured. The lower court also found that the failure of both parties to follow the procedures of the Arbitration Act of 1927 added further to the conclusion that the parties had been involved in common law arbitration. We note that the Arbitration Act does not apply unless it is expressly or impliedly provided for by the parties *and* its procedures are followed. *Runewicz v. Keystone Insurance Company, supra.*

■ We find no basis for a reversal in the lower court's fact-finding or in its legal conclusions. It is well-established that the findings of the lower court will not be disturbed on appeal absent a clear abuse of discretion or an error of law. *Minteer v. Wolfe*, 300 Pa.Super. 234, 446 A.2d 316 (1982). We have carefully reviewed the record and conclude that the lower court did not abuse its discretion by finding that the arbitration had been conducted at common law.[1] We also believe the lower court did not abuse its discretion in finding that the parties received a fair hearing and that

1. Even if we were to decide that the arbitration was statutory and subject to review for an error of law, the result in this case might well be the same. Exclusionary clauses such as that contained in Appellant's policy have been held unenforceable because they are repugnant to the remedial purposes of the Uninsured Motorist Act. See *State Farm Mutual Automobile Insurance Company v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978); *Marchese v. Aetna Casualty and Surety Company*, 284 Pa.Super. 579, 426 A.2d 646 (1981).

 

there was no fraud or other irregularity to permit the court to disturb the arbitrators' award.

The orders of the lower court are hereby affirmed.