481 A.2d 668

Geralyn VOGEL

v.

NATIONAL GRANGE MUTUAL INS. CO., Appellant.

Superior Court of Pennsylvania.

Argued June 26, 1984.

Filed Sept. 7, 1984.

385

James M. Marsh, Philadelphia, for appellant.
Raymond J. Falzone, Jr., Media, for appellee.

Before OLSZEWSKI, POPOVICH and CERCONE, JJ.

OLSZEWSKI, Judge:

Appellant challenges an order confirming an arbitration award in an automobile accident case.

Appellee sustained injuries in an automobile accident on June 11, 1980. At the time, she was a "covered person" under a policy issued by National Grange, her father's insurer. Under the policy's no-fault coverage, appellee recovered an amount in excess of $7,000 for medical expenses and $15,000 for work loss benefits. She received an additional $15,000, the policy limit from the other driver's liability insurer.

Appellee seeks further recovery under the "Underinsured Motorists Coverage." This provision offers separate coverage for a "covered person" legally entitled to recover from the owner/operator of an underinsured motor vehicle. The rider limits liability to $30,000 for all damages resulting from any one accident. Appellee asked the insurance company to multiply this liability limit by three, the number of vehicles insured under the policy—and so, allow a $90,000 limit on the "underinsured" coverage. National Grange refused the "stacking" demand.

Under the policy, the matter went to arbitration. The arbitrators valued appellee's case at $75,000. Relying on "stacking", they entered a finding of $60,000 against appellant insurance company.[1] The trial court confirmed the award. This appeal follows.

The sole issue on appeal is whether the arbitrators, by allowing "stacking" of the "underinsured" benefits, committed an error of law.[2]

1. This figure represents $75,000 less the $15,000 appellee had received from the other driver's carrier.

2. In accord with the policy provision for arbitration under the Pennsylvania Arbitration Act of 1927, we will correct the arbitrator's award for an error of law. *Young v. United States Fidelity & Guaranty Co.,* 299 Pa.Super. 237, 445 A.2d 542 (1982); Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. Sec. 161 *et seq.,* repealed by the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, No. 142, Sec. 501(c), effective in 60 days.

■ The policy on its face proscribed "stacking". Neither party has produced persuasive authority on this point.[3] Our Court has found valid and enforceable policy provisions which prevent the stacking of underinsured motorist benefits. *Haegele v. Pennsylvania General Insurance Co.*, 330 Pa.Super. 481, 479 A.2d 1005 (1984); *Votedian v. General Accident Fire and Life Assurance Corp.*, 330 Pa.Super. 13, 478 A.2d 1324 (1984). We are loathe to ignore the express language of the policy. "It is not the function of the court to rewrite a policy or give its terms a construction in conflict with their plain meaning." *Garber v. Travelers Insurance Cos.*, 280 Pa.Super. 323, 325, 421 A.2d 744, 745 (1980) (citations omitted).

Order vacated and remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

CERCONE, J., files a concurring statement.

CERCONE, Judge, concurring:

I would reverse on the basis of this court's recent opinion in *Haegele v. Pennsylvania General Insurance Co.*, 330 Pa.Superior Ct. 481, 479 A.2d 1005 (1984).

The lower court mistakenly concluded that repeal of the 1927 Act rendered the dispute subject to arbitration under the Uniform Arbitration Act. 42 Pa.C.S. Sec. 7301 *et seq.* It is well-settled that the law extant at the time the cause arose governs the subsequent arbitration. See Couch on Insurance 2d (Rev. ed.) Sec. 50:15.

Similarly, in light of recent decisions, we reject appellee's argument that an apparent inconsistency in the policy gives rise to an arbitration at common law. *See, e.g., Obdyke v. Harleysville Mut. Ins. Co.*, 299 Pa.Super. 298, 445 A.2d 763 (1982), affirmed 500 Pa. 107, 454 A.2d 984 (1983).

3. The policy favoring "stacking" of "uninsured" benefits does not attend here. *Cf. White v. Concord Mutual Ins. Co.*, 296 Pa.Super. 171, 442 A.2d 713 (1982); *Davis v. Government Employees Ins. Co.*, 296 Pa.Super. 198, 442 A.2d 727 (1982) (as a matter of law, an "underinsured" motorist who nonetheless carries the statutory minimum amount of insurance is not an "uninsured" motorist here). A decision to equate the two is properly left to the legislature.