**Cumberland-Perry Area Vo-Tech School Authority v. Bogar and Bink**

*Edward E. Knauss, II,* for plaintiff.
*John E. Slike,* for defendant Bogar & Bink.
*Brigid Q. Alford,* for defendant H. B. Alexander & Son.

SHEELY, *P.J.,* July 31, 1985—

## HISTORY

This is an action to recover damages for an allegedly defective roof installed on the plaintiff's school building in 1969-1970. Under provisions of the contract between plaintiff and the architect (Bogar and Bink) and plaintiff and the general contractor (H. B. Alexander and Son), the claims against both parties were referred to arbitration. The arbitrators found in favor of defendants and a timely appeal was filed in this court. It is stipulated by agreement of the parties and order of court dated January 16, 1985, that the issues presented are:

(a) Whether the arbitration provided for under the contracts of June 20, 1967, between the authority and architect and June 6, 1969, between the authority and contractor, was statutory arbitration or common-law arbitration, and if found to be statutory, is under the Arbitration Act of April 25, 1927, P.L. 381, 5 P.S. §161 et seq., as amended, (hereinafter Act of 1927), or under the Act of October 5, 1980, P.L. 693, 42 Pa. C.S. §7301 et seq., as amended (hereinafter Act of 1980).

(b) Under the petition and answer filed, what are the extent and parameters of the court's review of the arbitration proceedings previously held and concluded between the parties, and particularly that which petitioner must establish to permit the court's review to proceed.

## DISCUSSION

The underlying circumstances that resulted in this cause of action clearly arose prior to the passage of the Act of 1980. In Vogel v. National Grange Mutual Insurance Co., 332 Pa. Super. 384, 481 A.2d 668 (1984), the Superior Court held that "[t]he lower court mistakenly concluded that repeal of the 1927 Act rendered the dispute subject to arbitration under the Uniform Arbitration Act. (Citation omitted.) It is well settled that the law extant at the time the cause arose governs the subsequent arbitration. See Couch on Insurance 2d (Rev. ed.) §50:15." Id. at 386-87, 481 A.2d 669, fn. 2. See Gaslin, Inc. v. L.G.C. Exports, Inc., 334 Pa. Super. 132, 482 A.2d 1117 (1984). Therefore the Act of 1980 is not applicable to the case at bar.

Section 176 of the Act of 1927 states: "The provisions of this act *shall* apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party. (Emphasis supplied.) This use of the word *shall* has been held to be mandatory by the Pennsylvania Supreme Court. Seaboard Surety Co. v. Commonwealth, 345 Pa. 147, 27 A.2d 27 (1942). An agency, instrumentality, or political division of the Commonwealth may not contract for binding common law arbitration. Pennsylvania Turnpike Commission v. Sanders and Thomas, 461 Pa. 420, 336 A.2d 609 (1975); Flamini v. General Accident, Fire and Life Assurance Corporation, 328 Pa. Super. 406, 477 A.2d 508 (1984); Lisbon Contractors, Inc. v. South Middleton Township Municipal Authority, 28 Cumberland L.J. 106 (1978). "The Act of 1927 applies to contracts to which the Commonwealth and its agencies, instrumentalities and political subdivisions are parties and which contain

general agreements to arbitrate without reference to any statutory authority. International Brotherhood of Fireman and Oilers, AFL-CIO Local 1201 v. School District of Philadelphia, 465 Pa. 356, 350 A.2d 804 (1976).

Petitioner-school authority is an agency of the Commonwealth, as it is a creature of the legislature. Muhlenberg Township School District Authority v. Pennsylvania Fortunato, 460 Pa. 260, 333 A.2d 184 (1975); Chartiers Valley Joint Schools v. Allegheny County Board of School Directors, 418 Pa. 520, 544, 211 A.2d 487, 500 (1965). Therefore, because the statute is mandatory, the Act of 1927 is applicable to any review of the arbitrator's award.

When reviewing a common law arbitration award the scope of judicial review was extremely narrow.[*] Unless the agreement provides otherwise the arbitrators are the final judges of fact and law and an award will not be set aside or reviewed for a mistake in either. McDevitt v. McDevitt, 365 Pa. 18, 73 A.2d 394 (1950); Young v. United States Fidelity Guaranty Co., 299 Pa. Super. 237, 445 A.2d 542, appeal dismissed, 500 Pa. 233, 455 A.2d 635 (1983). The only grounds for disturbing the arbitrator's decision were fraud, bias or unconscionability Allstate Insurance Company v. Fioravanti, 451 Pa. 108, 299 A.2d 585 (1973). Arbitration awards under the Act of 1927, were subject to greater scrutiny upon review by the court and modifications and vacations were both possible. Section 170 sets forth the circumstances under which a vacation is permissible.

"In either of the following cases the court shall make an order vacating the award upon the applica-

---

[*]We use the past tense, as the Act of 1980, has codified "common law" arbitration procedures although the codification was intended to simply restate existing law.

tion of any party to the arbitration:

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made." The Act of 1927 §170.

Petitioner has admitted in his brief, that (a) and (b) do not apply to the present case. In fact, since petitioner's brief fails to raise any issue under §170, jurisdiction under that section is waived. C.C.R.C.P. 210-4. Petitioner is therefore not entitled to a vacation of the award.

Petitioner relies on §171(d) in claiming justification for a modification or correction of the award. Section 171(d) allows for modification or correction of an award, "[w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." Thus the court is empowered to correct the arbitrator's award for a mistake of law although findings of fact should not be disturbed. McDevitt v. McDevitt, 365 Pa. 18, 73 A.2d 394 (1950); Harleysville Mutual Insurance Company v. DeMarco, 328 Pa. Super. 513, 477 A.2d 563 (1984); Young v. United States Fidelity and Guaranty Co., 299 Pa. Super. 237, 445 A.2d 542 (1982). Appeal dismissed 500 Pa. 233, 455 A.2d 635 (1983). When considering a motion for judgment

n.o.v. the evidence must be considered in the light most favorable to the verdict winner. Atkins v. Urban Redevelopment Authority of Pittsburgh, 489 Pa. 344, 414 A.2d 100 (1980); Kintner v. Claverack Rural Electric Co-Op., Inc., 329 Pa. Super. 417, 478 A.2d 858 (1984).

Petitioner is entitled to prove that *specific* mistakes of law resulted in the allegedly improper decision. (Emphasis added.) Petitioner is not entitled to have this court review factual findings of the arbitrators. Therefore this court will not reweigh the evidence since the weighing of evidence is a question of fact. Only where the evidence is insufficient to sustain the verdict, due to absence of evidence on a material point, is judgment n.o.v. proper. Mike v. Borough of Aliquippa, 279 Pa. Super. 382, 421 A.2d 251 (1980). Accordingly, this court will only review the award of the arbitrators to determine a mistake of law or the same scope as that upon a petition for judgment notwithstanding the verdict.

## ORDER OF COURT

And now, this July 31, 1985, it is ordered that any review of the above-mentioned arbitration proceedings will be conducted pursuant to the Arbitration Act of 1927, and the aforementioned guidelines.