503 A.2d 24

**Billie Jeanne Crichton ZOOK, Appellee,**

**v.**

**ALLSTATE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Jan. 10, 1986.

Daniel R. Gigler, Pittsburgh, for appellant.

Theodore E. Breault, Pittsburgh, for appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant case arose out of an automobile accident which occurred on or about November 12, 1978. The general subject in dispute in this case involves the "stacking" of uninsured motorist coverage under an automobile insurance policy, a matter which has been the subject of significant litigation and appellate review. The particular issue on appeal however, is one of procedure, and involves the right of the insurer to a trial *de novo*, following the appeal from an arbitration award. The same issue appears to have

arisen in at least one prior appeal, but, because of the procedural setting in that case, the problem was not resolved. See *Hillen v. Allstate Insurance Company*, 300 Pa.Super. 149, 446 A.2d 273 (1982).

The record shows that the Appellee, Billie Jean Crichton Zook and her son were injured in a motor vehicle collision. The Appellee thereafter sought payment of damages from Appellant, Allstate Insurance Company, pursuant to the uninsured motorist coverage contained in the automobile insurance policy which the Appellant had issued to the Appellee. The policy in question covered more than one vehicle, and the Appellee sought more than the amount provided under the uninsured motorist provision with respect to any one vehicle.

The parties could not resolve the claim of the insured, so the Appellee instituted a claim pursuant to the arbitration procedures of the American Arbitration Association. Such action was based upon the following provisions of the applicable insurance policy, which are highly relevant in the resolution of the instant appeal:

If We Cannot Agree

If we or you don't agree on your right to receive any damages or the amount, then upon the written request of either the disagreement will be settled by arbitration. Arbitration will take place under the rules of the American Arbitration Association unless we or you object. Then, you'll select one arbitrator and we will select another. The two arbitrators will select a third. If they can't agree on a third arbitrator within 30 days, the judge of the court of record in the county of jurisdiction where arbitration is pending will appoint the third arbitrator. You will pay the arbitrator you select and we will pay the one we select. The expense of the third arbitrator and all other expenses of arbitration will be shared equally. When we arbitrate, the decision in writing will be binding up to the limits required under the Financial Responsibility law of Pennsylvania, and may be entered as a judgment in a proper court. When an award exceeds those

limits, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award.

A hearing was held before a panel of arbitrators on November 1, 1984. Thereafter, the arbitrators entered an award in favor of the Appellee in the amount of $40,000.00, and in favor of her son in the amount of $5,000.00.[1] This award involved stacking of coverages, as to the Appellee's recovery, and thereby exceeded the amount available if it were concluded that only a single policy coverage limit applied to the accident.

Following the entry of the arbitration award, the Appellant insurer petitioned the Court of Common Pleas, at No. GD84-21224, to vacate the award, and the Appellee petitioned the same court, in an action instituted at No. GD84-21225, to confirm the award. The petitions were considered by the court, which thereafter issued separate orders on December 7, 1984, denying Allstate's petition to vacate, and granting the Plaintiff-Appellee's petition to confirm the arbitration award, at No. GD84-21224, and judgment was then entered against the Appellant on the award, at No. GD84-21225. The Appellant filed timely appeals to our court from the judgment, at Appeal No. 030 Pittsburgh, 1985, and from the orders, at Appeal No. 031 Pittsburgh, 1985, and such appeals were subsequently consolidated for consideration by our Court.

The Appellant, in seeking to have the award of the arbitrators vacated in the lower court, sought a trial *de novo* regarding the claims of the Appellee. It is clear that in doing so, the Appellant sought to relitigate questions pertaining to the right of the Appellee to any recovery whatsoever under the uninsured motorist provisions of the policy, as well as regarding the issue of whether the Appellant would be entitled to stack the coverages arising from the fact that the policy insured more than one vehicle. The lower court rejected the request for a trial *de novo*, and

1. The damages awarded to the Appellee's son are not in issue in this appeal.

concluded that the determination of the amount of coverage available to the Appellee was decided properly by the arbitrators. The lower court therefore refused to vacate the award. The lower court did not prepare an opinion in the case, but issued a short memorandum indicating that it adopted the grounds set forth in the Appellee's petition and brief as the rationale for its decision. The petition and brief of the Appellee, as filed in the lower court, raised the argument that no issue was being raised by the Appellant that it had been denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity on the part of the arbitrators which caused the rendition of an unjust, inequitable or unconscionable award. The case of *Hain v. Keystone Insurance Company*, 230 Pa.Super. 456, 326 A.2d 526 (1974), was cited. Further, the Appellee maintained in her brief to the lower court that the arbitration procedures conducted by the American Arbitration Association had been common law rather than statutory arbitration, and that in such circumstances no review by the Court of Common Pleas was proper on the basis of a claim by the Appellant that an error of law or fact by the arbitrators should substantiate the vacation of the arbitration award. The Appellee cited the case of *Harleysville Mutual Insurance Company v. DeMarco*, 328 Pa.Super. 513, 477 A.2d 563 (1984), in support of that position. It appears that the lower court found merit in such contentions in this case.

As previously mentioned, the specific issue before us on this appeal is whether the insurer was entitled to be granted a trial *de novo* in accordance with its request to the lower court. After review, we conclude that the lower court acted correctly in denying the Appellant's request for a trial *de novo* on the issues which had previously been resolved by the arbitration. We reach this conclusion on grounds other than those apparently relied upon by the lower court. However, it is well-established that on appeal we can affirm the result reached by a lower court, even though that result may have been reached upon reasoning

other than that we may adopt for our affirmance. See *Commonwealth v. Whitehouse*, 222 Pa.Super. 127, 292 A.2d 469 (1972), and cases cited therein.

The Appellant's claim that it is entitled to a completely new trial on all issues in the Court of Common Pleas, after an unfavorable arbitration decision, is grounded upon the wording of the last paragraph of the insurance policy:

> When we arbitrate, the decision in writing will be binding up to the limits required under the Financial Responsibility Law of Pennsylvania, and may be entered as a judgment in a proper court. When an award exceeds those limits, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award.

In our view, this provision is certainly ambiguous and must be construed against the insurer.

It has long been held that where a provision of an insurance policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, which is the drafter of the agreement. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983); *Miller v. Prudential Insurance Company of America*, 239 Pa.Super. 467, 362 A.2d 1017 (1976). The policy language quoted above provides that either party has a right "to trial on all issues" in a court of competent jurisdiction when an arbitration award exceeds the limits required under the applicable motor vehicle insurance law. In the instant case, it is clear that Allstate maintains in its appeal that the coverage limits exceeded the applicable law. However, it has been made clear in numerous decisions of the appellate courts of our Commonwealth that the stacking of uninsured motorists benefits does not violate the provisions of the insurance statutes. See *Estate of Rosato v. Harleysville Mutual Insurance Company*, 328 Pa.Super. 278, 476 A.2d 1328 (1984), and the many cases on this subject which are cited therein. In view of such decisions, it is certainly *unclear* what may be meant by the words of the policy which allow an appeal when an award

exceeds the limits of the applicable law. In other words, the policy provides for an appeal if the award of the arbitrators is beyond the terms provided in the statute. However, because our courts have repeatedly held that stacking is permitted under applicable law, one is left with doubt as to the meaning or application of this particular provision.

Ambiguity is also evident in the part of the Allstate policy provision in issue in this case which states that a party has a right to trial "on all issues in a court of competent jurisdiction". However, as noted earlier in this Opinion, the first paragraph of the same policy, pertaining to disagreements between the parties, states that if the parties do not agree on the right of the insured to receive any damages, or the amount of such damages, then the disagreement "will be *settled* by arbitration." (emphasis supplied). In plain words, if a dispute is to be "settled" in arbitration, there can be no trial *de novo* on all issues. The inconsistency in such provisions must be held to constitute an ambiguity.

 The arbitration called for in the contract in dispute in the instant case is common law arbitration, rather than statutory arbitration. This is evident in view of the failure of the policy to mention arbitration under the Pennsylvania Arbitration Act, and also in the inclusion of a declaration that the arbitration would be held under the rules of the American Arbitration Association. See *Runewicz v. Keystone Insurance Company,* 476 Pa. 456, 383 A.2d 189 (1978). In common law arbitration, as noted earlier, a court of competent jurisdiction is only empowered to disturb the arbitration award if there is evidence of fraud, misconduct, corruption or some other irregularity which caused the rendition of an unjust, inequitable or unconscionable award. See *Runewicz v. Keystone Insurance Company, supra; Harleysville Mutual Insurance Company v. DeMarco, supra.* We know of no authority for the proposition that any court in our Commonwealth has the jurisdiction to void the decision of a common law arbitration, and to conduct a trial *de novo,* in the absence of fraud, misconduct, corruption or

other similar irregularity. Thus, there is further obvious ambiguity in the language of the policy which provides that disagreements of the parties will be settled by arbitration, but later suggests that either party has a right to a trial on all issues in a court of *competent* jurisdiction.

In summary, we cannot agree with the contention by the Appellant that the lower court erred in denying the insurer's request for a trial *de novo,* based upon the wording of the applicable provisions in the insurance policy. There can be no doubt that such provisions are ambiguous, and we are therefore required to construe them against the insurer, and deny its request for such a trial.[2]

The decision of the lower court is affirmed.

---

**2.** In view of our disposition of this case on the basis of the ambiguity in contract language, we do not deem it necessary or appropriate to address the Appellee's interesting contention that the provision in issue is a liability-limiting clause which is intended to prevent stacking, and is void because it is repugnant to the intent of the Uninsured Motorists Act.