504 A.2d 925

**Charles R. PASTERNAK, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1985.

Filed Jan. 31, 1986.

Mark F. Geary, Pittsburgh, for appellant.

Frank M. Gianola, Pittsburgh, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

WIEAND, Judge:

Charles R. Pasternak was injured when, on June 13, 1977, his motorcycle was struck by an automobile owned and operated by Robert A. Heckman. Heckman's liability carri-

er paid $15,000, its policy limits, in settlement of Pasternak's claim. Pasternak then filed a claim against his insurance carrier, State Farm Mutual Automobile Insurance Company, under the uninsured motorist provisions of the policy. State Farm denied the claim. Pasternak then requested arbitration pursuant to policy provisions by which the parties had agreed to resolve their disputes by statutory arbitration. A hearing was held before arbitrators on July 29, 1980. At the hearing, the parties specifically agreed that the Arbitration Act of 1927 was applicable to and controlling of the proceedings. In January, 1981, the arbitrators awarded Pasternak the sum of $45,000.[1] The trial court, on petition of State Farm, set aside the award on December 22, 1983. It did so because the award was contrary to law. The court held that the uninsured motorist feature of the policy did not have application where the third party motorist was "underinsured." Pasternak appealed.

The contract between the parties, as we have observed, provided for arbitration under the Act of 1927. At the hearing before arbitrators the parties also agreed that the arbitration was being held under the Act of 1927. By the time the award was entered in January, 1981, however, the Act of 1927 had been repealed and replaced by the Uniform Arbitration Act, 42 Pa.C.S. § 7301 et seq. We conclude that under these circumstances, the Act of 1927 was nevertheless controlling. See: *Vogel v. National Grange Mutual Insurance Co.*, 332 Pa.Super. 384, 386–387 n. 2, 481 A.2d 668, 669 n. 2 (1984) (law extant at time cause of action arises governs subsequent arbitration). See also: *McDonald v. Keystone Insurance Co.*, 313 Pa.Super. 404, 407 n. 3, 459 A.2d 1292, 1294 n. 3 (1983). Therefore, the trial court could set aside or modify the award as being contrary to law. See: Act of April 27, 1927, P.L. 381, No. 248, § 11(d), 5 P.S. § 171(d); *State Farm Mutual Automobile Insurance Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978).

1. The arbitrators "stacked" the coverages on three vehicles.

■ Even if we look to the Uniform Arbitration Act to determine our scope of review, the result must be the same. Section 501(b) of the Uniform Arbitration Act of October 5, 1980, P.L. 693, which has been reprinted as part of the Historical Note at 42 Pa.C.S. § 7302, provides as follows:

The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:

(1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration.

(2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.

The standard of review is set forth in 42 Pa.C.S. § 7302(d)(2) as follows:

Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

Where, as here, there is an agreement to arbitrate which was made prior to the effective date of the Uniform Act and which provided for statutory arbitration, and where the parties expressly agreed that arbitration should proceed in accordance with the Act of 1927, an award entered pursuant to such arbitration could properly be modified or corrected by a court for an error of law.

■ In the instant case, the arbitrators determined that inasmuch as the tortfeasor, Heckman, had been "underinsured" as to the full value of appellant's damages, he was "uninsured" for purposes of applying State Farm's policy providing uninsured motorists benefits. This was contrary to law. See: *Davis v. Government Employees Insurance*

*Co.,* 500 Pa. 84, 454 A.2d 973 (1982); *Bromley v. Erie Insurance Group,* 322 Pa.Super. 542, 469 A.2d 1124 (1983); *Ragin v. Royal Globe Insurance Co.,* 315 Pa.Super. 179, 461 A.2d 856 (1983); *McDonald v. Keystone Insurance Co., supra; Young v. United States Fidelity & Guaranty Co.,* 299 Pa.Super. 237, 445 A.2d 542 (1982). See also: *Safeco Insurance Co. of America v. Wetherill,* 622 F.2d 685 (3d Cir.1980); *Travelers Insurance Co. v. McDermott,* 499 F.Supp. 1016 (E.D.Pa.1980); *Prudential Property & Casualty Insurance Co. v. Pont,* 489 F.Supp. 9 (E.D.Pa.1979).

█ Therefore, the trial court was required to correct the arbitrators' award. Although the trial judge's order "vacated" the award, it is clear that he did not intend to vacate the award in the manner provided in 42 Pa.C.S. § 7314. Instead, he "corrected" the award for an error of law and denied appellant's right to recover uninsured motorist benefits. This becomes quite clear when one compares the trial judge's opinion with the pertinent sections of the Uniform Act. The award was contrary to law and subject to correction; it was not a product of defective or unlawful proceedings rendering it subject to being vacated.

█ Appellant argues also that the award should not have been "corrected" because at the time it was entered it was not contrary to law. It was not until sometime thereafter, he suggests, that the appellate courts refused to apply "uninsured" motorist coverage to "underinsured" motorists. We reject this argument. The interpretation of the term "uninsured" has not changed. Neither the statute nor the decisions of the appellate courts have ever equated "underinsured" with "uninsured." Therefore, appellant's argument that the Supreme Court's holding in *Davis v. Government Employees Insurance Co., supra,* should not be applied retroactively is misplaced. The law in this Commonwealth has never been that a driver whose insurance coverage is insufficient to fully compensate for the injuries caused by his negligence was "uninsured" to the extent of the insufficiency. While the appellate courts of this Commonwealth had not yet ruled on the issue at the time that

the arbitrators' decision was made in this case, it is clear that the law has always been contrary to the award made by the arbitrators.

The order of the trial court is affirmed.