David A. BURBACH, Appellant–Respondent,

v.

Cynthia R. BURBACH, Appellee–Petitioner.

No. 45A04–9409–CV–385.

Court of Appeals of Indiana.

June 12, 1995.

---

Luke A. Casson, James, James and Manning, P.C., Dyer, for appellant.

Lily M. Schaefer, Burke, Murphy, Costanza & Cuppy, Merrillville, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Respondent–Appellant, David Burbach ("David"), appeals the denial of his Motion to Correct Errors. We affirm.

### Issues

David presents several issues for our review which we restate as follows:

I. Whether the trial court had subject matter jurisdiction;

II. Whether the trial court had *in personam* jurisdiction;

III. Whether the trial court properly determined the amount of provisional child support owed by David.

### Facts and Procedural History

David and Cynthia Burbach, ("Cynthia"), were married on November 15, 1984. Both resided in Indiana before and sometime after their marriage. David thereafter joined the Marines and, eventually, Cynthia and David were stationed in Yuma, Arizona. Children resulted from the marriage. In January 1993, David was hospitalized for injuries resulting from a self-inflicted gunshot wound. In March, 1993, Cynthia left Arizona and returned to Indiana.

While David was in the Marines, Cynthia and David filed Indiana tax returns, maintained Indiana driver's licenses, and voted in Indiana elections. David's Marine records indicate his home state as being Indiana. Cynthia testified that the two had intended to return to Indiana after David completed his tenure in the Marines. David did not live in Indiana after his discharge from the Marines.

On April 2, 1993, Cynthia filed a Petition for Dissolution. A provisional hearing was held on April 15, 1993 and Cynthia was awarded $896.00 per month in child support. David requested by affidavit and was denied a stay of proceeding, pursuant to the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C. § 521 ("Soldiers' and Sailors' Act"). After his discharge from the Marines, David filed a Petition to Modify the Provisional Order on September 21, 1993, which was denied. On November 22, 1993, David appeared by counsel and filed a Motion for Relief from the Provisional Order, which was also denied. The final judgment of dissolution was entered on February 18, 1994. David was ordered to pay $115.00 per week in child support and $50.00 per week in arrearages relating to the Provisional Order.

David filed a Motion to Correct Errors on March 21, 1994. The basis of David's Motion to Correct Errors was that the court had no subject matter jurisdiction, the court had no *in personam* jurisdiction, and the court erred in its denials of David's Petition to Modify the Provisional Order and his Motion for Relief from the Provisional Order. On June 10, 1994, the court held a hearing on the Motion to Correct Errors. Although the record does not contain the result of the trial court's ruling on the Motion to Correct Errors, both parties have stipulated to its denial by the trial court.

### Discussion and Decision

#### I

We must first determine whether the trial court had subject matter jurisdiction. A

challenge regarding a court's lack of subject matter jurisdiction in a dissolution proceeding may be raised at any time by motion for relief from judgment or collateral attack. *See, e.g., Person v. Person* (1990), Ind.App., 563 N.E.2d 161, *trans. denied.* The requirement of residence for purposes of jurisdiction in a dissolution proceeding is as follows:

(a) At the time of the filing of a petition pursuant to section 3(a) or (c) of this chapter, at least one (1) of the parties shall have been a resident of the state or stationed at a United States military installation within the state for six (6) months immediately preceding the filing of each petition.

I.C. 31–1–11.5–6.

■ In *In re the Marriage of Rinderknecht* (1977), 174 Ind.App. 382, 367 N.E.2d 1128, we held that a serviceman who voted in Indiana, listed Indiana as his place of residence and expressed an intention to return to Indiana, was a resident of the State for purposes of subject matter jurisdiction in a dissolution proceeding. Similarly, Cynthia voted in Indiana, listed Indiana as her place of residence and expressed an intention to return to Indiana. Thus, one of the parties in this dissolution proceeding met the residency requirement for purposes of subject matter jurisdiction. It is not relevant in terms of the court's subject matter jurisdiction that David may not have had the same intention to return to Indiana.

David relies on the recent case of *Skiles v. Skiles* (1995), Ind.App., 646 N.E.2d 353, in support of his proposition that the trial court lacked subject matter jurisdiction. The facts in *Skiles* differ dramatically from those before us today. The Skiles owned property both in Indiana and in Florida and lived in both states during different parts of the year. We held in *Skiles:* "[A] divorce court does not obtain subject matter jurisdiction unless at least one party has been an Indiana resident for the six months immediately preceding the filing of the dissolution petition." *Id.* at 355.

■ We also held that "[f]or purposes of I.C. § 31–1–11.5–6, 'residence' is synonymous with 'domicile,' which has been defined as the

'place where a person has his true, fixed, permanent home and principal establishment, and to which place he has, whenever he is absent, the intention of returning.'" *Id.* Cynthia, unlike the Skiles, clearly met the definition of "residence" in Indiana, even while in Arizona. And we agree that "[t]he issue of domicile is a contextual determination to be made by the trial court upon a consideration of the individual facts on a case-by-case basis." *Id.*

■ Moreover, for purposes of the child support order entered by the trial court, it is clear that the trial court had subject matter jurisdiction:

(c) In an action for child support pursuant to section 3(b) of this chapter, the above residence provisions shall not be required. However, one (1) of such parties must reside in the state and county at the time of the filing of the action.

I.C. 31–1–11.5–6. There is no dispute that Cynthia resided in Indiana at the time of the filing of her action for child support. Thus, David may not appeal the portion of the judgment awarding child support on the basis of a lack of subject matter jurisdiction.

II

■ We must next determine whether the trial court had *in personam* jurisdiction. David did not assert a lack of *in personam* jurisdiction until he filed a Motion for Relief from the Provisional Order, by counsel, on November 22, 1993. David failed to assert a lack of *in personam* jurisdiction defense at the provisional hearing, and thus waived the issue, thereby submitting himself to the jurisdiction of the trial court:

Lack of personal jurisdiction is an affirmative defense; the nonresident must raise the defense at the proper time, or the defense is waived. T.R. 12(B)(2). Waiver of this defense vests the Court with personal jurisdiction; the nonresident is deemed to have accepted the Court's jurisdiction.

*Orejuela v. Orejuela* (1986), Ind.App., 494 N.E.2d 329.

■ The issue in *Orejuela* was whether the nonresident party asserted her defense

in a timely manner. Because a responsive pleading is not required in a dissolution proceeding, we held that the nonresident party's 12(B)(2) motion at trial was timely made. She thus did not waive her *in personam* defense, thereby subjecting herself to the jurisdiction of the Indiana court. Whereas, David filed a motion to modify the trial court's Provisional Order. After subjecting himself to the personal jurisdiction of the trial court, he cannot subsequently assert a defense of lack of *in personam* jurisdiction.

■ Additionally, David's affidavit requesting a stay of proceedings, pursuant to the Soldiers' and Sailors' Act, did not relate to the issue of *in personam* jurisdiction. The trial court acted within its discretion in denying David's request for a stay of proceedings. The mere showing that a defendant is in the military service does not render a continuance mandatory under the Soldiers' and Sailors' Act in view of the Act's provision authorizing stays unless, in the opinion of the court, the defendant's ability to conduct his defense is materially affected by reason of his military service. *Boone v. Lightner* (1943), 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587.

■ In essence, David invites us to reweigh the evidence as to whether his ability to conduct his defense was materially affected by reason of his military service. It is clear from the record that David was unable to attend the provisional hearing because he was being treated for a self-inflicted gunshot wound, which in no way related to his military service. Such an inconvenience would have resulted from a self-inflicted gunshot wound even had David been a civilian.

Clearly, the Soldiers' and Sailors' Act was designed to protect "those who have been obliged to drop their own affairs to take up the burdens of the nation." *Id.* at 1231. The hospitalization resulting from David's personal difficulties and injuries cannot be construed as military service. Fairness may have dictated a stay based on his medical condition, which was independent of his military status. However, David sought the stay under the Soldiers' and Sailors' Act and not on his medical condition. Accordingly, we decline the invitation to reweigh the evidence on this matter.

### III

We must next determine whether the trial court properly determined the amount of provisional child support owed. David does not contest the amount of support ordered by the final judgment of dissolution. Rather, he challenges only the arrearages assessed against him which relate to the provisional order.

■■ Cynthia argues that David waived his right to challenge the Provisional Order because that order was interlocutory in nature. Indeed, Appellate Rule 4(B)(1) states that an order for the "payment of money" is an appealable interlocutory order. Specifically, orders for temporary maintenance, or support, are orders for the payment of money, and are, therefore, appealable interlocutory orders. *Castor v. Castor* (1975), 165 Ind.App. 520, 333 N.E.2d 124. Filing or ruling on a motion to correct error cannot transform an interlocutory matter into a final judgment for purposes of an appeal. *Doperalski v. City of Michigan City* (1993), Ind. App., 619 N.E.2d 584.

■ The Provisional Order was an appealable interlocutory order from which David did not properly appeal. He is precluded from later challenging the appealable interlocutory order on appeal of a final judgment. *See, e.g., Indiana High School Athletic Assoc. v. Raike* (1975), 164 Ind.App. 169, 329 N.E.2d 66. He therefore waived his right to challenge the Provisional Order.

Nonetheless, the basis for his Petition to Modify the Provisional Order was that he took a 52% reduction in earnings after his discharge from the Marines. However, the trial court was vested with the discretion to impute potential income to David. The Child Support Guidelines Commentary suggest the following:

> c. Potential Income. (2) When a parent has some work history of working and is capable of entering the work force, but voluntarily fails or refuses to work or be employed in a capacity in keeping with his or her capabilities, such a parent's potential income should be determined to be a

part of the gross income of the parent. The amount to be attributed as potential income in such a case would be the amount that the evidence demonstrates he or she was capable of earning in the past.

David's discharge from the Marines was honorable and voluntary. Additionally, David was an experienced welder. Instead, David voluntarily chose to accept a position for which he was not trained and at a lower rate of pay.

█ Finally, David argues that the figures used by the trial court to compute his obligation under the Provisional Order were erroneous. Once again, David waived his right to challenge the appealable interlocutory Provisional Order. Additionally, David had the opportunity to obtain counsel and to present the court with the documentation to which he refers. Instead, he chose to file for a continuance under the Soldiers' and Sailors' Act, a continuance which was properly denied. The trial court properly relied on the documentation provided by Cynthia at the hearing on the Provisional Order. We will not reweigh the evidence in hindsight.

None of the other issues presented by David in his Motion to Correct Errors was preserved in this appeal.

Affirmed.

RILEY, J., concurs.

ROBERTSON, J., concurs in result.