James E. GRAVENS, d/b/a Pappy's
Sunoco Service Station,
Appellant–Plaintiff,

v.

AUTO–OWNERS INSURANCE COMPA-
NY, Clarence F. Spence, Individually
and as Agent for Bendix Agency, Inc.
and Bendix Agency, Inc., Appellee–De-
fendants.

No. 49A02–9511–CV–654.

Court of Appeals of Indiana.

June 10, 1996.

Rehearing Denied Sept. 9, 1996.

Jeff Mitchell, Paul J. Page, Baker, Siegel & Page, Indianapolis, for Appellant.

Michael E. Brown, Kightlinger & Gray, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

Plaintiff–Appellant, James E. Gravens, d/b/a Pappy's Sunoco Service Station [Gravens], appeals the summary judgment entered in favor of Defendants–Appellees, Auto–Owners Insurance Company, Clarence F. Spence, Individually and as Agent for Bendix Agency, Inc., and Bendix Agency, Inc. [Insurance Company]. Gravens raises two issues, but because one requires that we reverse, we address it only. Restated, it is:

> whether the trial court erred in awarding summary judgment in favor of the insurance company based upon its conclusion that Gravens was bound by his original attorney's acceptance of the insurance company's offer of settlement even though Gravens had not authorized his attorney to settle the claim.

## FACTS

The facts in the light most favorable to the nonmovant, Gravens, reveal that Gravens purchased an insurance policy covering his service station from the insurance company. This policy had a limit on the contents of the service station in the amount of $20,000.00. During the night of July 31, 1993, Gravens' service station was burgled and he suffered a substantial loss due to theft. Apparently, the loss exceeded the $20,000.00 limit of the insurance policy.

Gravens retained an attorney to assist him in pursuing a claim against the insurance

company. Gravens did not discuss with this attorney the amount for which he was willing to settle nor did Gravens give his attorney the authority to settle the claim without his consent. Nevertheless, the attorney accepted insurance company's offer to settle the claim for $18,000.00.[1] The insurance company tendered the draft to Gravens' attorney along with a release form. Gravens immediately rejected the draft and refused to sign the form which were promptly returned to the insurance company. Gravens' attorney withdrew from representation.

Gravens obtained new counsel and filed the present lawsuit. The insurance company filed an answer and asserted the affirmative defense of accord and satisfaction—that the case had already been settled by Gravens' original attorney for $18,000.00. The insurance company obtained summary judgment on that basis and this appeal ensued.

## DECISION

Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Great Lakes Chemical Corp. v. International Surplus Lines Insurance Co.,* 638 N.E.2d 847, 849 (Ind.Ct.App.1994). In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton,* 641 N.E.2d 665, 667 (Ind.Ct.App.1994). A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred. *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431, 434 (Ind.1993).

■ Indiana law is well-settled that an attorney has, by virtue of his employment, the general implied authority to do on behalf of the client all acts in or out of court necessary or incidental to the prosecution or management of the suit or the accomplishment of

the purpose for which he was retained. *United Farm Bureau Mutual Insurance Company v. Groen,* 486 N.E.2d 571, 573 (Ind. Ct.App.1985). However, neither party has cited, nor are we aware of any Indiana authority which disposes of the precise question presented in this case, that is, whether an attorney has the implied authority to settle a case without the authorization or consent of the client.

■ In Indiana, the attorney-client relationship is governed by the Model Rules of Professional Conduct. *Jennings v. Backmeyer,* 569 N.E.2d 689, 691 (Ind.Ct.App. 1991); *Estate of Forrester v. Dawalt,* 562 N.E.2d 1315, 1317 (Ind.Ct.App.1990), *trans. denied.* In *Dawalt,* we held that a contract for an attorney's services which provided for the payment of a nonrefundable retainer fee was unenforceable as imposing a chilling effect upon the client's right to freely discharge his attorney as guaranteed by Prof. Cond.R. 1.16. *Id.*

Professional Conduct Rule 1.2(a) reads, in pertinent part, as follows:

A lawyer shall abide by a client's decision concerning the objectives of representation, ..., and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter.

The comments to the rule state that the client has the ultimate authority to determine the purposes to be served by the representation. *Id.* In *Matter of Shumate,* 647 N.E.2d 321, 322–23 (Ind.1995), our supreme court held that an attorney violated Prof.Cond.R. 1.2 by dismissing the client's complaint without authorization or consent even though the complaint had been time-barred.

In *Klebes v. Forest Lake Corporation,* 607 N.E.2d 978, 982 (Ind.Ct.App.1993), *trans. denied,* we noted that under Prof.Cond.R. 1.2, a client has full authority over the decision whether or not to settle his case or proceed to trial. We noted that attorneys could enter

---

1. Gravens disputes this fact arguing that, since his original attorney has withdrawn, the only evidence that his attorney actually accepted the insurance company's offer was provided by the insurance company's attorney. However, our resolution of this case renders this factual matter immaterial.

into enforceable settlement agreements on their client's behalf "if they first secure their client's consent to do so." *Id.* The insurance company points out, correctly, that *Klebes,* does not necessarily stand for the proposition that the client's authorization or consent is required before his attorney can bind him in a settlement agreement as the clients in *Klebes* had, in fact, approved the terms of settlement agreed to by their attorney. *Id.* at 983.

■ Nevertheless, we hold that the requirement that an attorney must obtain his client's authority or consent to settle a case is implicit in the client's right to exercise ultimate authority over the settlement of a case as guaranteed by Prof.Cond.R. 1.2(a). Moreover, the rule that an attorney does not have authority to compromise an action merely by virtue of the attorney-client relationship is essentially universal. Eichelberger, Eunice A., *Annotation: Authority of Attorney to Compromise Action—Modern Cases,* 90 A.L.R.4th 326, 333.

■ In this case, as in most insurance settlements, both parties understood that there would be no settlement without a release signed by the claimant, not by his attorney. This understanding was implicit when the draft and the release were tendered together. The insurance company had no enforceable expectation that the claim had, in fact, been settled until Gravens himself had signed the release, which he declined to do.

■ Gravens did not authorize his original attorney to settle the case and immediately repudiated the settlement agreement purported to have been reached by that attorney. Under these circumstances, Gravens was not bound by his attorney's agreement and the trial court's entry of summary judgment on this basis was erroneous. Therefore, we must reverse and remand for trial.

Judgment reversed.

NAJAM and FRIEDLANDER, JJ., concur.