**Laverne E. HAYDEN and William S. Hayden, Plaintiffs and Counter–Defendants,**

**v.**

**ALLSTATE INSURANCE COMPANY, Defendant and Counterclaimant.**

**No. 4:98 CV 4 AS.**

United States District Court, N.D. Indiana, Hammond Division.

April 24, 1998.

Jeffrey A. Cooke, Cooke Law Firm, Lafayette, IN, for Laverne E. Hayden, Plaintiffs and Counter–Defendants.

Thomas H. Busch, Hoffman Luhman and Busch, Lafayette, IN, for Defendant and Counterclaimant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

### I. Procedural History

This cause is before this court on Plaintiffs' motion for summary judgment on Counts I and IV of their complaint, filed February 27, 1998, and on Defendant's cross-motion for summary judgment, filed March 9, 1998. Both parties have briefed the issues, and this court is now ready to rule.

### II. Facts

On June 17, 1994, LaVerne Hayden was involved in an automobile collision with Hal Graham in Lafayette, Indiana. Graham was insured by Farm Bureau Insurance Company, and the Haydens settled with Graham for a payment of his policy limit of $50,000.00. The Haydens had purchased underinsured motorist liability coverage from their own insurance carrier, Allstate Insurance Company ("Allstate") in the amount of $100,000.00, and after settling the claim with Graham, submitted a claim to Allstate for underinsured motorist benefit. Allstate offered the Haydens $0 (zero dollars) for their claim, stating that they had been fully compensated.

Under the insurance contract, the Haydens had the right to request arbitration of the disagreement and they did so. Each party selected one arbitrator, and those two arbitrators selected a third arbitrator who served as the chairman of the panel. That individual, Lafayette attorney Jerome Withered, held

a conference call with the parties' attorneys and the other two arbitrators on August 6, 1997, and followed up the call with a letter on August 12, 1997. That letter summarized the agreed terms of the arbitration, set the date for the hearing, and instructed counsel for Allstate to "determine his client's position regarding whether they consider the arbitration to be binding and will notify the arbitrators and opposing counsel on this issue as soon as possible." On November 25, 1997, the arbitration hearing was convened and Mr. Withered asked both attorneys whether the arbitration was binding. Both the Haydens' attorney and Allstate's attorney stated that the arbitration would be binding. The arbitration panel awarded $110,000.00 to the Haydens on December 5, 1997, after which Allstate decided to utilize the *de novo* review provision in its policy which is the basis of its counterclaim here. The Haydens then filed suit in this court to confirm the arbitration decision.

### III. Analysis

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56; *Russo v. Health, Welfare & Pension Fund, Local 705*, 984 F.2d 762 (7th Cir.1993). A thorough discussion of Rule 56 can be found in a trilogy of cases decided in 1986 by the Supreme Court of the United States. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 515, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving par-

ty's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting FED.R.CIV.P. 56). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920–21 (7th Cir.1994); *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir.1991), nor may that party rely upon conclusory allegations in affidavits. *Cusson–Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir.1992).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Smith v. Fruin*, 28 F.3d 646, 650 (7th Cir.1994), *cert. denied*, 513 U.S. 1083, 115 S.Ct. 735, 130 L.Ed.2d 638 (1995); *Brennan v. Daley*, 929 F.2d 346, 348 (7th Cir.1991). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252–55, 106 S.Ct. 2505.

The 1986 Supreme Court trilogy was later reexamined in *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), a case born in the context of antitrust law. The most that can be said for *Eastman Kodak*, however, is that it did not tinker with *Celotex* and *Anderson*, and possibly involves an attempt to clarify *Matsushita*. This view is well-supported by an in-depth academic analysis in Schwarzer, Hirsch, and Barrans, *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441 (1992).

█ The first issue before this court is whether the *de novo* review clause in the insurance contract is void as against public policy as pronounced in the Indiana Uninsured and Underinsured motorist Act and the Indiana Uniform Arbitration Act, in un-

conscionable, is inconsistent and ambiguous, and is illusory. The relevant portion of the policy reads as follows:

**If We Cannot Agree**

If the insured person or **we** don't agree on that person's right to receive any damages or the amount, then at the written request of the insured person the disagreement will be settled by arbitration. Arbitration will take place under the rules of the American Arbitration Association unless either party objects.

If either party objects, the following method of arbitration will be used instead. The insured person will select one arbitrator. **We** will select another. The two arbitrators will select a third. If they can't agree on a third arbitrator within 30 days, the judge of the court of record in the county of jurisdiction where arbitration is pending will appoint the third arbitrator. The written decision of any two arbitrators will determine the issues. The insured person will pay the arbitrator that person selects. **We** will pay the one **we** select. The expense of the third arbitrator and all other expenses of arbitration will be shared equally. However, attorney fees and fees paid to medical and other expert witnesses are not considered arbitration expenses. These costs will be paid by the party incurring them.

Regardless of the method of arbitration, any award not exceeding the limits of the Financial Responsibility law of Indiana will be binding and may be entered as a judgment in a proper court.

Regardless of the method of arbitration, when any arbitration award exceeds the Financial Responsibility limits in the State of Indiana, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Costs, including attorney fees, are to be paid by the party incurring them.

The Haydens argues first that the clause is void as against the public policy imbued in the Indiana Uninsured and Underinsured Motorist Act and in the Indiana Uniform Arbitration Act. Both parties have to some extent focused on decisions from other jurisdictions in making these arguments. With all due respect, the only relevant case law here is that of Indiana, as this court does not expect and has not found other jurisdictions to have identical public policy concerns to those of Indiana.

The Indiana Uninsured and Underinsured Motorist Act, IND.CODE § 27–7–5–2 *et seq.,* has been enacted to "put the injured party in the place they would have been if the other person had complied with the financial responsibility law." *City of Gary v. Allstate Ins. Co.,* 612 N.E.2d 115, 117 (Ind.1993). In *Scalf v. Globe American Casualty Co.,* 442 N.E.2d 8 (Ind.Ct.App.1982), the Court of Appeals held that an insurance contract requiring that either arbitration or a suit for damages be instituted within one year of the accident on an uninsured motorist claim was void as against public policy. The *Scalf* court held that "any limiting language in the insurance contract which has the effect of providing less protection than that made obligatory by the above [uninsured motorist] statute would be contrary to the public policy, and of no force and effect." 442 N.E.2d at 10. In this case, although the insureds may be required to first arbitrate and then litigate their claim, that requirement in the contract does not limit the protection required by statute. Thus, the contract does not defeat the public policy embodied in the Indiana Uninsured and Underinsured Motorist Act and is not void for that reason.

■ The Haydens next assert that the *de novo* clause defeats the public policy purposes of the Indiana Uniform Arbitration Act, IND .CODE §§ 34–4–1–16 and 34–4–2–13. Those two clauses set forth the causes whereby a court may set aside a binding arbitration award, such as fraud, corruption, bias, misconduct by the arbitrators, or where the arbitrators exceed their powers. However, the contract here does not require binding arbitration; rather, it allows either party to initiate a *de novo* review of the claim if the arbitration award exceeds $25,000.00. In *Liddy v. Companion Insurance Company,* 181 Ind.App. 16, 390 N.E.2d 1022 (1979), the Indiana Court of Appeals held that the Indiana Uniform Arbitration Act did not require them "to favor arbitration even where

the language of an insurance policy does not expressly provide for arbitration of a particular question. . . . We agree that arbitration is to be encouraged, but not at the expense of the plain meaning of an arbitration agreement in the context of an entire uninsured motorist provision." 390 N.E.2d at 1028–29. In this case, the parties agreed by contract to the *de novo* review provision, and this court is not required to favor arbitration over the unambiguous term of the contract. The public policy of Indiana does not require such an outcome, and thus the contract is not void on that ground.

The Haydens then argue that the *de novo* review provision is unconscionable and unenforceable. unconscionable. In *Mayflower Transit, Inc. v. Ann Arbor Warehouse Co., Inc.,* 892 F.Supp. 1134, 1140 (S.D.Ind. 1995), Judge Barker found that a contract may be unconscionable under Indiana law where "there is a gross disparity in bargaining power which leads the party with lesser power to sign the contract unwillingly or while unaware of its terms. The contract must be one that no sensible person—*i.e.* one who is not under delusion, duress or in distress—would make, and such as no honest and fair person would accept." While a disparity in bargaining power may be present here, the *de novo* review term is not one that "no sensible person" would make. The contract only provides for arbitration at the request of the insured; thus, the insured could choose to forego arbitration and proceed to litigation. The insured is not forced to request arbitration if he or she suspects the award will be less than the financial responsibility amount, and if the insured does choose arbitration and the award barely exceeds the financial responsibility amount, the insured can litigate and try to get more from a jury. The term is not unconscionable.

Additionally, the Haydens argue that the policy contains inconsistent provisions, rendering the policy ambiguous, which ambiguity should be construed against Allstate. Specifically, the Haydens argue that the phrase "the disagreement will be settled by arbitration" in the first paragraph under the "If We Cannot Agree" heading is inconsistent with the *de novo* review clause in the

fourth paragraph under that heading. In *Colonial Penn Insurance Co. v. Guzorek,* 690 N.E.2d 664 (Ind.1997), the Indiana Supreme Court set out the test for consideration of an insurance contract clause.

Contracts of insurance are governed by the same rules of construction as other contracts. *Eli Lilly & Co. v. Home Ins. Co.,* 482 N.E.2d 467, 470 (Ind.1985); *Shedd v. Automobile Ins. Co.,* 208 Ind. 621, 628, 196 N.E. 227, 230 (1935) (holding same for automobile liability insurance policy). Accordingly, the proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for summary judgment. *Tate v. Secura Ins.,* 587 N.E.2d 665, 668 (Ind. 1992). Although ambiguities are construed in favor of the insured, clear and unambiguous policy language must be given its ordinary meaning. *Eli Lilly,* 482 N.E.2d at 470. Failure to define a term in an insurance policy does not necessarily make it ambiguous. *Stevenson v. Hamilton Mut. Ins. Co.,* 672 N.E.2d 467, 471 (Ind.Ct. App.1996), trans. denied. Rather, an ambiguity exists where the provision is susceptible to more than one reasonable interpretation. *Eli Lilly,* 482 N.E.2d at 470.

"Courts must consider all of the provisions of the contract to ascertain its meaning, not just individual words, phrases, or paragraphs, and must accept a construction which harmonizes the provisions rather than one which supports a conflicting version of the provisions." *Anderson v. State Farm Mut. Auto. Ins. Co.,* 471 N.E.2d 1170, 1172 (Ind.Ct.App.1984). When considering the "If We Cannot Agree" section as a whole, it is clear to this court that the *de novo* clause is not inconsistent with the clause allowing for arbitration. This court respectfully declines to follow the analysis of the Pennsylvania court in *Zook v. Allstate Insurance Co.,* 349 Pa.Super. 328, 503 A.2d 24 (1986).

Finally, the Haydens argue that the *de novo* clause should be invalidated because it provides illusory coverage. Specifically the Haydens argue that the coverage is illusory because their expectation regarding the method of resolution of claim was not met. Indiana courts have been willing to find in-

surance coverage illusory where the contract does not provide the coverage sought. *See Western Reserve Mutual Casualty Co. v. Holland,* 666 N.E.2d 966 (Ind.Ct.App.1996) *and Monticello Insurance Co. v. Mike's Speedway Lounge,* 949 F.Supp. 694 (S.D.Ind. 1996). However, this contract does not limit the coverage sought, since insured parties can gain their benefits through litigation and/or arbitration. While it may limit the ability to enforce a favorable arbitration award, the contract is not illusory in its coverage, and thus is not invalid. For all of the above reasons, the court finds the *de novo* review clause to be valid and enforceable.

■ The Haydens' second argument is that Allstate should be estopped from utilizing the *de novo* review clause because of the statement of Allstate's attorney that the arbitration was binding. The attorney that represented Allstate at the arbitration has filed an affidavit with this court stating that he did make the statement that the arbitration would be binding, but that he did so wholly unaware of the *de novo* review clause in the contract and that he did not talk to anyone at Allstate regarding whether the arbitration would be binding. Allstate first argues that to waive the *de novo* review clause, the attorney would have to had intentionally relinquished a known right, as required by *Northern Indiana Commuter Transp. Dist. v. Chicago Southshore and Southbend Railroad,* 685 N.E.2d 680 (Ind. 1997). Because the attorney was unaware of the clause, he did not know of it and so could not intentionally relinquish it. However, the attorney had been specifically requested to inquire from Allstate as to whether the arbitration would be binding. Thus, his failure to obtain the relevant facts before making the unequivocal statement that "the arbitration will be binding" should not relieve him or Allstate of the consequences of that statement.

Allstate then argues that under *Gravens v. Auto–Owners Insurance Co.,* 666 N.E.2d 964 (Ind.Ct.App.1996), an attorney is not permitted to settle litigation without the client's consent to do so. In this case, agreeing that the arbitration would be binding was agree-ing to settle the case, which Allstate had not authorized the attorney to do. Although this court is sorely tempted to hold Allstate to the statement of its attorney, it cannot do so in the face of *Gravens.* Thus, Allstate is not estopped from pursuing its *de novo* review based on the statement of its attorney that the arbitration would be binding.

The remaining elements of the cross-motions for summary judgment deal with allegations of bad faith on the part of Allstate, which this court finds are not yet ripe for disposition under Rule 56, and an alternative argument by Allstate that if the award was confirmed, it needed to be modified to $50,-000, within the policy limits, and that argument is now moot.

### IV. Conclusion

For the reasons stated above, the Haydens' motion for summary judgment to confirm the arbitration award is now **DENIED** and Allstate's cross-motion for summary judgment to set aside the award is now **GRANTED**. This cause is now **SET** for a further pre-trial conference at 1:30 p.m. on May 21, 1998 at the Charles Halleck Federal Courthouse in Lafayette, Indiana.

**IT IS SO ORDERED.**