Gary TRIMBLE, doing business as Bloomington Auto Parts, Appellant (Plaintiff below),

v.

AMERITECH PUBLISHING, INC., Appellee (Defendant below).

No. 53S01–9805–CV–298.

Supreme Court of Indiana.

Oct. 9, 1998.

John H. Shean, Shean Law Offices, Bloomington, for Appellant.

Andrew W. Hull, Alice McKenzie Morical, Johnson Smith Pence Densborn Wright & Heath, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

In this case, a business owner wanted to advertise in Ameritech's "Yellow Pages." Ameritech agreed but failed to run the ad. At issue is whether the clause in their contract limiting Ameritech's liability to the purchase price of the ad is valid and enforceable. Court of Appeals' decisions differ on this issue and we granted transfer to resolve the conflict.

*Background*

On August 24, 1994, an Ameritech advertising sales representative met with Gary Trimble to execute a written Advertising Order for Trimble's business advertisement in the 1994–95 PAGESPLUS Directory. Ameritech failed to publish Trimble's advertisement. Consequently, Trimble filed a complaint seeking damages for loss of business resulting from the wrongful omission of the advertisement.

The advertising contract signed by Trimble unequivocally provided that any damages resulting from Ameritech's failure to publish the advertisement would be limited to the amount paid for the advertising or the contract price, whichever is the lesser.

The contract contained the following exculpatory clause:

*Publisher's liability:* ... if publisher should be found liable for loss or damage due to a failure on the part of the publisher or its directory, in any respect, regardless of whether customer's claim is based on contract, tort, strict liability or other-

wise, the liability shall be limited to an amount equal to the contract price for the disputed advertisements, or that sum of money actually paid by the customer toward the disputed advertisements, whichever sum shall be less, as liquidated damages and not as a penalty, and this liability shall be exclusive. In no event shall publisher be liable for any loss of customer's business, revenues, profits, the cost to the customer of other advertisements or any other special, incidental, consequential or punitive damages of any nature, or for any claim against the customer by a third party . . .

At the time the lawsuit was filed, Trimble had not been charged nor had he paid any money for the advertisement which was allegedly wrongfully omitted. The trial court granted summary judgment for Ameritech. The Court of Appeals reversed the trial court's decision to grant summary judgment and this appeal ensued.

The circumstances of this case are not unique. The Court of Appeals has addressed the failure of Ameritech to publish its customers' "Yellow Page" advertisements on at least two other occasions. In *Pigman v. Ameritech Publ'g, Inc.*, 641 N.E.2d 1026, 1035 (Ind.Ct.App.1994), when an attorney brought an action against the yellow pages telephone directory publisher for failing to publish an advertisement, the Court of Appeals held "that the exculpatory clause contained in [Ameritech's] Yellow Pages advertising contract is unconscionable and void as against public policy as a matter of law." One month later, in *Pinnacle Computer Servs., Inc. v. Ameritech Publ'g, Inc.*, 642 N.E.2d 1011, 1019 (Ind.Ct.App.1994), when a business owner brought suit against Ameritech's Yellow Pages for reasons similar to that in *Pigman*,[1] the Court of Appeals (ac-

knowledging the decision reached in *Pigman*) decided to follow the majority of other jurisdictions and held that "the exculpatory clause in Ameritech's Yellow Pages order is valid and enforceable."[2]

## Discussion

The sole issue in this case is whether the State of Indiana will enforce in contracts of the nature at issue here exculpatory clauses that limit liability to an amount equal to the lesser of the contract price or the sum of money actually paid to further the contract. We hold that such clauses are enforceable.

Courts in Indiana have long recognized the freedom of parties to enter into contracts and have presumed that contracts represent the freely bargained agreement of the parties. *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1129 (Ind.1995) (citing *Weaver v. American Oil Co.*, 257 Ind. 458, 463, 276 N.E.2d 144, 147 (1971)). *See Continental Basketball Ass'n, Inc. v. Ellenstein Enters., Inc.*, 669 N.E.2d 134, 139 (Ind.1996). We continue to believe that "it is in the best interest of the public not to restrict unnecessarily persons' freedom of contract." *Fresh Cut, Inc.*, 650 N.E.2d at 1129 (citations omitted). "Despite this very strong presumption of enforceability, courts have refused to enforce private agreements that contravene statute, clearly tend to injure the public in some way, or are otherwise contrary to the declared public policy of Indiana." *Id.* at 1130. *See Continental Basketball Ass'n, Inc.*, 669 N.E.2d at 139.

Trimble does not suggest that the contract contravenes a statute or that the contract tends to injure the public. Rather, Trimble contends that the contract is against public policy. In determining whether a contract not prohibited by statute nor which tends to injure the public contravenes public

---

1. In *Pinnacle Computer Servs., Inc. v. Ameritech Publ'g, Inc.*, 642 N.E.2d 1011 (Ind.Ct.App.1994), the business owner engaged in the sale, repair, and installation of computer related equipment. The business owner's contract with Ameritech provided that the advertisement would be printed in the "Computer and Computer Equipment—Services and Repair" section. However, the advertisement was omitted from this section and instead printed under another heading called "Computers—System Designers and Consul-

tants." We do not find the facts of *Pinnacle Comp. Servs.* to be significantly different from the facts in *Pigman v. Ameritech Publ'g, Inc.*, 641 N.E.2d 1026 (Ind.Ct.App.1994), where the advertisement was completely omitted.

2. We note that the exculpatory clauses in *Pigman* and *Pinnacle Comp. Servs.* are similar to the exculpatory clause in this case.

policy, we look at five factors: (1) the nature of the subject matter of the contract; (2) the strength of the public policy underlying any relevant statute; (3) the likelihood that refusal to enforce the bargain or term will further any such policy; (4) how serious or deserved would be the forfeiture suffered by the party attempting to enforce the bargain; and (5) the parties' relative bargaining power and freedom to contract. *Fresh Cut, Inc.,* 650 N.E.2d at 1130 (internal citations omitted).

The second and third factors are not applicable to this dispute. As to the other three factors, we hold that the reasoning of the Court of Appeals in *Pinnacle Computer Servs.* correctly resolves these considerations in favor of enforceability of the contract. We disapprove the decision in *Pigman*[3] and approve and adopt *Pinnacle Comp. Servs.*

### Conclusion

Having granted transfer, we now affirm the trial court's decision to grant summary judgment in favor of Ameritech.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

DICKSON, J., dissents without opinion.

---

3. In *Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1130 (Ind.1995), we cited to *Pigman* as an example of a case where a private agreement was not enforced. Our reference to *Pigman* was merely for illustrative purposes and did not reflect our acceptance or rejection of the decision reached by the Court of Appeals.