NATIONAL GENERAL INSURANCE
COMPANY, Appellant–Plaintiff,

v.

Homer RIDDELL and Natalie Riddell,
Appellees–Defendants.

No. 49A02–9807–CV–618.

Court of Appeals of Indiana.

Dec. 22, 1998.

Alan L. McLaughlin, Patricia Skelton, Baker & Daniels, Indianapolis, Indiana, Attorneys for Appellant.

Thomas R. Schultz, Robert W. Wright, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Plaintiff National General Insurance Company ("Insurance Company") appeals the partial summary judgment entered in favor of Appellees–Defendants Homer and Natalie Riddell ("Riddell") in which the trial court determined that the "escape clause" in the provision of Insurance Company's policy governing arbitration was unenforceable.[1] Based on the policy of Indiana

---

1. The present summary judgment only partially disposes of the litigation because the Riddells' claim that Insurance Company tortiously breached its duty to deal in good faith has not yet been adjudicated. Insurance Company asserts that the present interlocutory appeal is appropriately before this court pursuant to Ind. Appellate Rule 4(B)(1) because it requires "the payment of money." However, App. R. 4(B) provides for appeals "from interlocutory *orders.*" (emphasis added). Thus, Ind.App. R. 4(B)(1) provides for an interlocutory appeal from an *order* "for the payment of money" as a matter of right. *See Burbach v. Burbach*, 651 N.E.2d 1158, 1162 (Ind.Ct.App. 1995). Examples of orders "for the payment of

money" which trigger the application of App. R. 4(B)(1) include orders to pay death taxes, attorney's fees, child support, orders to make a deposit of money into court, and orders for the payment of attorney's fees as a sanction under Ind. Trial Rule 37. *See Estate of Meyer*, Ind. Ct.App., 702 N.E.2d 1078, 1080 n. 2 (1998) (order to personal representative of estate and trustee of trust for payment/apportionment of death taxes); *Skiles v. Skiles*, 646 N.E.2d 353, 355 (Ind.Ct.App. 1995) (preliminary attorney fees in dissolution proceedings), *trans. denied; Burbach*, 651 N.E.2d at 1162 (temporary maintenance and child support); *Lamon v. Lamon*, 611 N.E.2d 154, 155 n. 1 (Ind.Ct.App.1993) (child support); *Schwedland*

courts to zealously defend the freedom to contract, we hold that the "escape clause" may be enforced. Therefore, we reverse.

### Issue

The dispositive issue may be restated as whether an "escape clause" in an automobile insurance policy which permits an insurance company to avoid an arbitration award in excess of the statutory minimum financial responsibility requirements is enforceable.[2]

### Facts

The operative facts are not disputed. Riddell was insured under an automobile policy issued by Insurance Company. (R. 63). In 1995, Riddell was seriously injured in an automobile accident involving an uninsured motorist. (R. 63). Insurance Company denied Riddell's claim for uninsured motorist coverage based on its determination that Riddell's negligence had been the proximate cause of the accident. (R. 48).

The insurance policy contained the following provision regarding arbitration:

A. If we and an 'insured' do not agree:

1. Whether that 'insured' is legally entitled to recover damages; or;

2. As to the amount of damages which are recoverable by that 'insured';

from the owner or operator of an 'uninsured motor vehicle,' then the matter may be arbitrated.... Both parties must agree to arbitration....

C. ... A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the 'insured' is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state.... If the amount exceeds that limit, either party may demand the right to a trial.... If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

(R. 14).

Riddell requested, and Insurance Company agreed, to submit the dispute to arbitration. (R. 5, 48). The case was arbitrated and the arbitrators entered an award in favor of Riddell in the amount of $220,000.00. (R. 20).

Insurance Company filed the present lawsuit to litigate the issue of damages as contemplated under the "escape clause" set out above. The trial court entered partial summary judgment against Insurance Company finding that the escape clause was void as against public policy.[3] This appeal followed.

---

*v. Bachman*, 512 N.E.2d 445, 450 (Ind.Ct.App. 1987) (tender of check into court); *State v. Kuespert*, 425 N.E.2d 229, 232 (Ind.Ct.App.1981) (order for the payment of attorney fees as sanction under T.R. 37); *Matter of Newman's Estate*, 174 Ind.App. 537, 369 N.E.2d 427, 432 (1977) (payment of personal representative's and attorney's fees in the administration of an estate). Accordingly, we conclude that the present partial money *judgment* is not an interlocutory *order* appealable as a matter of right under App. R. 4(B)(1).

While the parties cannot confer jurisdiction upon this court, we will not exalt form over substance due to this procedural defect. The appropriate procedure to have followed would have been to obtain certification under App. R. 4(B)(6) or Ind. Trial Rule 54(B). Nevertheless, the legal issues raised by the parties have been fully briefed and are severable without prejudice to them. Riddell concedes that under our rules we may consider the issues presented and, therefore, we elect to accept jurisdiction of this appeal under App. R. 4(E). *See Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 574 n. 3 (Ind.Ct. App.1997) (App. R. 4(E) provides that, upon the

discovery that an appeal was not disposed of in the trial court as to all issues, the appellate tribunal may, in its discretion, pass upon such adjudicated issues as are severable without prejudice to the parties).

2. In Indiana, motorists must provide the following minimum amounts of financial responsibility:

(1) ... twenty-five thousand dollars ($25,000) for bodily injury to or the death of one (1) individual.
(2) Fifty thousand dollars ($50,000) for bodily injury to or the death of two (2) or more individuals in any one (1) accident.
(3) Ten thousand dollars ($10,000) for damage to or the destruction of property in one (1) accident.

IND.CODE § 9–25–4–5.

3. Although trial court findings entered in summary judgment proceedings aid appellate review, they are not binding upon this court. *Althaus v. Evansville Courier Co.*, 615 N.E.2d 441, 444 (Ind. Ct.App.1993).

## Discussion and Decision
### Standard of Review

As stated in *Stevenson v. Hamilton Mutual Insurance Company*, 672 N.E.2d 467 (Ind. Ct.App.1996), *trans. denied:*

> In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's grant of summary judgment is 'clothed with a presumption of validity,' and the appellant bears the burden of demonstrating that the trial court erred.

672 N.E.2d at 470–71 (citations omitted). Summary judgment is appropriate when there is no dispute or conflict regarding facts which are dispositive of the litigation. *Federal Kemper Insurance Company v. Brown,* 674 N.E.2d 1030, 1033 (Ind.Ct.App.1997), *trans. denied.* It is appropriate for the appellate court to determine that summary judgment was entered for the wrong party. *Id.*

### Freedom to Contract

■ Our supreme court has recently confirmed its commitment to advancing the public policy in favor of enforcing contracts. *See Trimble v. Ameritech Publishing, Inc.,* Ind., 700 N.E.2d 1128 (1998) (citing *Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1129 (Ind.

1995)). Indiana courts recognize that it is in the best interest of the public not to unnecessarily restrict persons' freedom to contract. *Id.* Thus, as a general rule, the law allows competent adults the utmost liberty in entering into contracts which, when entered into freely and voluntarily, will be enforced by the courts. *Federal Kemper,* 674 N.E.2d at 1033. Nevertheless, despite the very strong presumption of enforceability, courts have refused to enforce private agreements that contravene statute, clearly tend to injure the public in some way, or are otherwise contrary to the declared public policy of Indiana. *Continental Basketball Ass'n, Inc. v. Ellenstein Enterprises, Inc.,* 669 N.E.2d 134, 139 (Ind.1996).

### Escape Clause

■ Riddell argues, and the trial court found, that the escape clause at issue here is void as violative of public policy because 1) the enforcement of such clauses would discourage arbitration, 2) insurance companies enjoy gross disparity in bargaining power over individuals, and 3) the clause renders the insurance coverage illusory.[4] Riddell cites several cases from other jurisdictions in support of his claim that most states have struck down such escape clauses. *See Fireman's Fund Ins. Cos. v. Bugailiskis,* 278 Ill.App.3d 19, 214 Ill.Dec. 989, 662 N.E.2d 555 (1996), *appeal denied; Schaefer v. Allstate Ins. Co.,* 63 Ohio St.3d 708, 590 N.E.2d 1242 (1992); *Mendes v. Automobile Ins. Co.,* 212 Conn. 652, 563 A.2d 695 (1989); *Worldwide Ins. Group v. Klopp,* 603 A.2d 788 (Del.1992); *Schmidt v. Midwest Family Mutual Ins. Co.,* 426 N.W.2d 870 (Minn.1988); *Hanover Ins. Co. v. Losquadro,* 157 Misc.2d 1014, 600 N.Y.S.2d 419 (1993); *O'Neill v. Berkshire Mut. Ins. Co.,* 786 F.Supp. 397 (D.Vt.1992).

However, as noted in *Hayden v. Allstate Ins. Co.,* 5 F.Supp.2d 649 (N.D.Ind.1998):

> With all due respect, the only relevant case law here is that of Indiana, as this court does not expect and has not found other

---

4. The Indiana authority upon which Riddell primarily relies in support of his argument that the escape clause here is unenforceable as void as against public policy is *Pigman v. Ameritech Pub-* *lishing Inc.,* 641 N.E.2d 1026, 1029 (Ind.Ct.App. 1994). However, *Pigman* was expressly disapproved in *Trimble,* 700 N.E.2d at 1130.

jurisdictions to have identical public policy concerns to those of Indiana.

*Id.* at 652. Applying Indiana law, the *Hayden* court upheld an escape clause in an insurance policy which permitted the insurance company to demand a de novo trial on the issues of both liability and damages where an arbitration award exceeded Indiana's minimum financial responsibility requirements. *Id.* at 654.

In the present case, the escape clause does not render the uninsured motorist coverage illusory because it in no way limits that coverage. *See id.* at 653–54. Although the escape clause may limit the ability of an insured to enforce a favorable arbitration award, the arbitration proceedings were not rendered entirely meaningless because Insurance Company has been bound by the finding of liability. Based on the policy of Indiana courts to zealously defend the freedom to contract, we hold that the "escape clause" is enforceable. Therefore, we reverse and remand for trial on the issue of Riddell's damages as contemplated under the insurance policy.

Reversed.

SHARPNACK, C.J., and NAJAM, J., concur.