**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**CHRISTOPHER KING**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JAMES A. GEIGER**
Geiger Conrad & Head LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER KING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1105-PL-444 |
| | ) | |
| KAREN PATRICK, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David A. Shaheed, Judge
Cause No. 49D01-0906-PL-28957

**April 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Christopher King appeals the trial court's partial summary judgment against him on Karen Patrick's complaint alleging, in relevant part, breach of contract. King presents a single dispositive issue for our review, namely, whether the trial court erred when it entered partial summary judgment in favor of Patrick.

We reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

From October 2006 until June 2008, King, with Patrick's permission, used a credit card held in Patrick's name, and each of the charges was for King's sole benefit. King agreed to make the payments on the credit card, but he ceased making payments in September 2008. The credit card had a zero balance when King began using it, and the balance as of June 2008 was $4,551.24. Adding 23.99% interest to that balance, the amount Patrick owed on the credit card as of April 12, 2011, was $7,171.96. And Patrick has been making monthly payments on the credit card since August 2008.

On October 10, 2008, Patrick filed a notice of claim against King in the Marion County Small Claims Court alleging that King "has ceased making previously agreed-upon payments for a credit card used exclusively by him." Appellant's App. at 13. On April 27, 2009, the small claims court entered judgment in favor of Patrick in the amount of $4,500 plus costs and post-judgment interest. On June 3, King appealed that judgment to the trial court.

On July 9, Patrick filed her complaint in the trial court alleging breach of contract, unjust enrichment, and theft. And on July 28, Patrick moved for partial summary

2

judgment on the breach of contract and theft counts. Following a hearing, the trial court entered partial summary judgment in favor of Patrick only on the breach of contract claim. Following a hearing on damages on April 12, 2011, the trial court awarded Patrick damages in the amount of $11,021.96. This appeal ensued.

## DISCUSSION AND DECISION

Initially, Patrick contends that King's appeal of the grant of partial summary judgment, which was entered on November 3, 2010, is untimely.[1] However, the trial court did not award damages on that claim until April 12, 2011. Under Trial Rule 8(A), a claim consists of two elements: 1) a showing of entitlement to relief, and 2) the relief. Ramco Indus., Inc. v. C & E Corp., 773 N.E.2d 284, 288 (Ind. Ct. App. 2002). Thus, here, Patrick's breach of contract claim was not resolved until the damages were awarded on April 12. King filed his notice of appeal within thirty days of that date, which was timely. And because the summary judgment order compels King to pay money, this is an interlocutory appeal as of right under Indiana Appellate Rule 14(A)(1).[2]

King contends that the trial court erred when it entered partial summary judgment in favor of Patrick on her breach of contract claim. We review a summary judgment order de novo. Bules v. Marshall County, 920 N.E.2d 247, 250 (Ind. 2010). The purpose

---

[1] On the incorrect assumption that King's appeal of the partial summary judgment entry is untimely, Patrick makes no argument in support of the trial court's entry of summary judgment.

[2] In Coleman v. Coleman, 949 N.E.2d 860, 865 (Ind. Ct. App. 2011), we held that a partial judgment awarding damages is appealable as a matter of right under Indiana Appellate Rule 14(A)(1), despite dicta in National General Insurance Company v. Riddell, 705 N.E.2d 465, 465 n.1 (Ind. Ct. App. 1998), where another panel of this court stated that a partial money judgment is not an interlocutory order appealable as a matter of right. We follow Coleman and agree that, given that the "financial and legal consequences of a partial judgment awarding damages . . . [are no] less than an interlocutory order for the payment of money[,]" the order granting partial summary judgment here is interlocutory as a matter of right.

3

of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. Shelter Ins. Co. v. Woolems, 759 N.E.2d 1151, 1153 (Ind. Ct. App. 2001), trans. denied. We must determine whether the evidence that the parties designated to the trial court presents a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); Bules, 920 N.E.2d at 250. We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. Bules, 920 N.E.2d at 250.

It is axiomatic that in order to recover for a breach of contract, a plaintiff must prove (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach. Smither v. Asset Acceptance, LLC, 919 N.E.2d 1153, 1157 (Ind. Ct. App. 2010). Here, while Patrick designated evidence supporting a determination that she and King had a contract regarding his use of the credit card, King designated evidence to the contrary. On appeal, in support of his contention that no contract existed, King directs us to a sworn interrogatory response wherein he stated that his "use of the credit card was a gift." Appellant's App. at 95. King designated that response as evidence in opposition to summary judgment, in addition to other responses wherein he maintained that "[p]urchases made on the account were considered gifts, and[,] therefore[,] there was no contract as alleged by [Patrick]." Id. at 97.

Again, our review of the grant of summary judgment is de novo. Bules, 920 N.E.2d at 250. The designated evidence clearly establishes a question of fact on the issue

4

of whether Patrick and King had a contract whereby King would repay the debt he incurred on the credit card or whether the charges made on the card were a gift. Thus, the trial court erred when it granted summary judgment in favor of Patrick.

Reversed and remanded for further proceedings.[3]

ROBB, C.J., and VAIDIK, J., concur.

---

[3] Because we reverse the grant of summary judgment, we need not address whether the trial court miscalculated Patrick's damages.