## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2016, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas Margolis
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Muncie Indiana Properties LLC,<br>*Appellant-Defendant,*<br><br>v.<br><br>Quality Construction Pro LLC,<br>*Appellee-Plaintiff.* | March 31, 2016<br><br>Court of Appeals Case No.<br>18A02-1510-MI-1626<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable John M. Feick, Judge<br><br>Trial Court Cause No.<br>18C04-1406-MI-24 |

**Najam, Judge.**

## Statement of the Case

[1] Muncie Indiana Properties, LLC ("Muncie Properties") appeals the trial court's grant of partial summary judgment to Quality Construction Pro, LLC ("Quality Construction") on Quality Construction's breach of contract claim. However,

we do not reach the merits of this appeal because we lack subject matter jurisdiction.

[2]     We dismiss.

## Facts and Procedural History

[3]     On May 21, 2014, Quality Construction filed a complaint against Muncie Properties for foreclosure on a mechanics' lien, breach of contract, and conversion. On July 23, Muncie Properties filed an answer and counterclaims for breach of contract, breach of warranty, and "bad faith." On April 16, 2015, Quality Construction filed a motion for partial summary judgment on counts II and III of its complaint, namely, breach of contract and conversion, respectively. Following a hearing, the trial court issued an order granting Quality Construction's motion for partial summary judgment as to count II, breach of contract, and denying the motion as to count III, conversion. The court "grant[ed] Quality Construction's requested relief as to Count II[,]" for the total sum of $56,384.13 in damages and attorney's fees, plus costs and post-judgment interest. Appellant's App. at 13. The court ordered that the case would proceed on Quality Construction's claims in counts I and III and Muncie Properties' counter-claims for breach of contract, breach of warranty, and bad faith. The trial court specifically noted that, "should [Muncie Properties] be successful on its counterclaims, any damages awarded would be a set-off to the judgment entered on behalf of Quality Construction and against [Muncie Properties] pursuant to this order." *Id*. This appeal ensued.

# Discussion and Decision

[4] Muncie Properties appeals from the trial court's order granting partial summary judgment in favor of Quality Construction, which is an interlocutory order. It is the duty of this Court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. An appeal from an interlocutory order is not allowed unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. *Id*. The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal. *Id*.

[5] Indiana Appellate Rule 14(B)(1) allows a party to bring an interlocutory appeal as of right when the order requires the payment of money.[1] However, this rule only applies to orders for the payment of money which "carry financial and legal consequences akin to those more typically found in final judgments." *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991); *see also*, *Mosser v. Mosser*, 729 N.E.2d 197, 200 (Ind. Ct. App. 2000) (citing Ind. Code § 34-55-9-2) (noting that an enforceable "money judgment is entered on the judgment docket and constitutes a lien on the judgment debtor's property"). Examples of such orders "for the payment of money" which trigger application of Appellate Rule 14(A)(1) include "orders to pay death taxes, attorney's fees, [and] child

---

[1] We note that, along with many other errors in its appeal, Muncie Properties failed to comply with Appellate Rule 9(F) in that its Notice of Appeal lacked most of the required content, including a statement of the basis for appellate jurisdiction.

support[;] orders to make a deposit of money into court[;] and orders for the payment of attorney's fees as a sanction under Ind. Trial Rule 37." *Nat'l. General Ins. Co. v. Riddell*, 705 N.E.2d 465, n.1 (Ind. Ct. App. 1998).

[6] But Appellate Rule 14(A)(1) does not permit interlocutory appeals of partial money judgments that do not require immediate payment of money. *Id.* Were it otherwise, the exception would swallow the rule, opening the floodgates for appeals from such interlocutory orders. This would contravene the intent of Appellate Rule 14(A)(1). *Hogan*, 582 N.E.2d at 825. Accordingly, as we did in *Riddell*, we conclude that a partial money judgment that is not immediately payable is not an interlocutory order appealable as of right under Appellate Rule 14(A)(1). *Riddell*, 705 N.E.2d at 465, n.1.

[7] We note that Muncie Properties could have sought certification of the order for a discretionary interlocutory appeal under Appellate Rule 14(B), but it did not. It could have sought an order from the trial court expressly determining that there was no just reason for delay and expressly directing entry of judgment under Indiana Trial Rules 54(B) or 56(C), but it did not.

[8] Because we lack jurisdiction to hear this appeal, we dismiss it.

[9] Further, we note that, had we not dismissed the appeal for lack of jurisdiction, we would have dismissed it under Indiana Appellate Rule 46(A). It has long been recognized that it is the appellant's burden to provide us an adequate record to permit meaningful appellate review. *Wilhoite v. State*, 7 N.E.3d 350, 354-55 (Ind. Ct. App. 2014). Here, Muncie Properties failed to support its

arguments with cogent reasoning and citations to relevant parts of the record, as required by Appellate Rule 46(A)(8)(a). *Westervelt v. Woodcock*, 15 N.E.3d 75, 76 n.1 (Ind. Ct. App. 2014) (noting an appellant waives any issue for which it fails to provide such reasoning and supporting citations). Moreover, Muncie Properties failed to provide in its appendix the parties' summary judgment materials, including the designated evidence, as required in order for us to review an appeal of an entry of summary judgment. *Hughes v. King*, 808 N.E.2d 146, 147-48 (Ind. Ct. App. 2004) (dismissing an appeal of an entry of summary judgment where appellant failed to provide on appeal a complete copy of the evidence designated to the trial court).

Dismissed.

Robb, J., and Crone, J., concur.