**Carol BAY and David Bay,
Appellants–Plaintiffs,**

v.

**Michael PULLIAM and Cardinal
Transportation, LLC., Appellees–
Defendants.**

No. 49A05–0612–CV–704.

Court of Appeals of Indiana.

Aug. 28, 2007.

David W. Stone, IV, Anderson, IN, Dean Arnold, Bloomington, IN, Attorneys for Appellant.

Thomas C. Hays, Stefanie Crawford, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Senior Judge.

Carol and David Bay ("the Bays") appeal from an order of the Marion Superior Court granting the Motion to Enforce Settlement Agreement filed by Michael Pulliam and Cardinal Transportation, LLC. (referred to collectively as "Pulliam"). We reverse and remand for further proceedings.

It was the position of Pulliam, and adopted by the court in its order, that the parties had entered into a binding settlement of $16,700 to satisfy the Bays' claim for injuries sustained by Carol Bay in a vehicle accident involving a Cardinal truck being driven by Pulliam. Pulliam and Cardinal both were insured by Zurich Insurance, North America ("Zurich"). The Bays retained the Nunn Law Office P.C. ("the Nunn Office") to represent them.

Settlement negotiations between the Nunn Office and Zurich ensued. Correspondence between the Nunn Office and Zurich disclosed various settlement demands made and offers of settlement from Zurich.[1]

---

1. The original demand of $47,700 was made in a letter signed by Ken Nunn. Three subsequent demand letters for a reduced amount were also signed by Ken Nunn. In each of those letters, Zurich was told to contact the Nunn Office Claims Manager, Jeff Pryor, to discuss settlement. Further correspondence from the Nunn Office was from Mr. Pryor and demands for reduced amounts were made. Finally, on January 3, 2006, Mr. Pryor corresponded with Zurich advising that: "Our client has accepted your offer in the amount of $16,700." (App. 20) A release form was forwarded from Zurich to the Nunn Office.

During argument to the court, Mr. Dean Arnold, an attorney with the Nunn office, represented that on January 2, 2006 he had a conversation with Carol Bay concerning the $16,700 offer from Zurich and that Carol told him that "she wanted to settle the case." (Tr. 3) Carol, however, testified that on the January 2, 2006 occasion she told Arnold that she needed to discuss the matter with her husband. Ultimately, the paperwork concerning

The Bays on appeal contend that "the attorney for the Bays" did not have actual or apparent authority to make the settlement agreement. (Appellants' Brief at 3).[2] They concede that the Nunn Office was empowered to enter into settlement negotiations and that they knew such negotiations were in progress. However, Carol testified as to her conversation with Mr. Arnold, stating that she needed to discuss the $16,700 offer with her husband and that after such discussions they decided to and did reject the offer.

■ To the contrary, Pulliam maintains that Attorney Arnold had actual authority to enter into a binding settlement agreement as per the conversation between himself and Carol on January 2, 2006. We note, however, that this representation was made during counsel's presentation or argument to the court. The purported representation that Carol Bay stated during the January 2 conversation "that she wanted to settle the case" was not evidence. *See In re K.H.*, 838 N.E.2d 477 (Ind.Ct. App.2005). As a matter of fact, Mr. Arnold's representation to the court was not that Carol Bay had authorized Arnold to accept the $16,700 offer but rather that there was a "miscommunication or a misunderstanding... that clearly it was an offer that was made, it was one thought and not a meeting of the minds between us and her as to what I was discussing and what she was discussing." (Tr. 4). There is no evidence that Carol Bays told Mr. Arnold to accept the Zurich offer. The only evidence of record is to the contrary. Accordingly, we reject the position of Pulliam that the Bays had given actual au-

thority to enter into a binding settlement agreement with Zurich.

■ This does not end our inquiry. Pulliam maintains that even if the attorney did not have actual authority, he had apparent authority to bind the Bays.

■ The law is clear that retention of an attorney by a client does not constitute implied authority to settle a claim nor does it constitute a manifestation to third parties that the attorney has apparent authority to do so in an out-of-court proceeding. *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299 (Ind.1998). It is also established that an attorney may not settle a claim without the client's consent. *Id; Gravens v. Auto-Owners Ins. Co.*, 666 N.E.2d 964 (Ind.Ct. App.1996), *trans. denied*.

■ Existence of apparent authority must be manifested to the third party by the principal, not the agent. *Koval, supra.* Thus the Nunn Law Office could not gain apparent authority to settle the claim with Zurich by merely representing that the attorneys had such authority. The manifestation of authority must have come from the Bays. They made no such representation to Zurich. The mere fact that the Bays authorized the attorneys to enter into settlement negotiations and knew that such negotiations were being conducted is not a manifestation, either direct or indirect, that Nunn or Arnold had authority to approve a settlement.

In *Scott v. Randle*, 697 N.E.2d 60 (Ind. Ct.App.1998), *trans. denied*, the multiple clients deferred to one of their number as the final decision maker acting on this state of affairs, and the attorney neverthe-

---

a settlement of $16,700 and a release form was presented to the Bays, and on January 17, 2006 they rejected the offer in writing by noting the rejection in two separate locations on the Settlement Distribution form submitted to them the previous day.

**2.** No argument is made with respect to the fact that it was Mr. Pryor, the Claims Manager, rather than either Mr. Nunn or Mr. Arnold who are attorneys, who advised Zurich that the Bays had accepted the $16,700 offer.

less contacted all of the members of the client group. We held that the attorney, with the approval and consent of the spokesman for the group, had authority to enter into a binding settlement agreement. The principal, the client group, placed the agent, the attorney, in the position to act and did so in such a manner as to constitute the required manifestation to the third party that the attorney had authority to act on the client's behalf.

Our case is clearly distinguishable. Neither of the Bays approved the $16,700 settlement offer. To the contrary, they specifically rejected it in writing when the "Settlement Distribution Sheet" was submitted to them. Thus, unlike in *Scott*, the attorneys here had neither actual nor apparent authority to approve the settlement.

To the extent that the attorneys may be considered a "special agent," i.e., an agent to "do one or more specific acts but not to conduct business generally for the principal," the general rule is stated as follows:

> [I]t is the duty of every person who deals with a special agent to ascertain the extent of the agent's authority before dealing with him. If this is neglected, such person will deal at his peril, and the principal will not be bound by any act which exceeds the particular authority given.

*Koval*, 693 N.E.2d at 1304–05.

In the case before us, Zurich did not ascertain that the Nunn Office had authority to approve the $16,700 settlement offer, it merely assumed that to be the case. Accordingly, Zurich acted at its peril with regard to the settlement.

For the reasons heretofore stated, we conclude that the acceptance of the settlement by Claims Manager Pryor was not binding upon the Bays. The Order of the Marion Superior Court is therefore reversed and the case is remanded for further proceedings.

Reversed and remanded.

FRIEDLANDER, J., and MAY, J., concur.